## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC A. KNAPP, On behalf of himself and all
others similarly situated,

      Plaintiff,

v.                            CASE NO. 6:24-cv-00413-CEM-DCI

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, and WORLDPAY, INC., a
Delaware Corporation,

      Defendants.

_____/

## FIDELITY NATIONAL INFORMATION SERVICES, INC.'S
## MOTION TO DISMISS THE COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Defendant Fidelity National Information Services, Inc. ("FIS") hereby moves

to dismiss Plaintiff Eric Knapp's Complaint (ECF No. 1) pursuant to Federal Rule of

Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff is improperly seeking to recover damages because spent money playing

VGW's[1] online casino-themed social video games and now wants his money back. He

claims that the games he played on VGW's websites, which he alleges are run by the

---

[1] "VGW" or "VGW Defendants" refers to VGW Holdings Ltd., VGW Malta Ltd., VGW
Luckyland Inc., and VGW GP Ltd.

VGW Defendants, are an "illegal gaming operation" that violates Florida law, and that the VGW Defendants have supposedly profited from the website. He seeks to represent a class of Florida citizens who also voluntarily chose to spend money playing the games on VGW's websites.

As the Complaint implicitly concedes, FIS had nothing to do with the operations of the websites or the games played on them. FIS (and the other defendant, Worldpay, Inc.) is essentially a bystander in the Complaint, barely referenced except insofar as Plaintiff claims (incorrectly) that FIS was a payment processor for the website games.[2] But there are no plausible allegations connecting FIS to the websites, let alone showing that FIS participated in any fraudulent scheme or conspiracy directed at Florida citizens. Accordingly, the Company should be dismissed for several reasons.

*First*, Plaintiff's claims are barred under Florida's voluntary payment doctrine. The voluntary payment doctrine provides that, as a matter of law, a plaintiff cannot recover any monetary damages for voluntary payments made with full knowledge of the factual circumstances on which he bases his claim for relief. This well-settled doctrine prevents plaintiffs from manufacturing injuries after they voluntarily make a payment or transaction that they claim resulted in (self-inflicted) monetary losses. That is exactly what Plaintiff alleges here. According to his own allegations, he purchased virtual coins to play VGW's games while knowing that he could win or lose virtual

---

[2] The primary allegations referencing the services purportedly performed by FIS (all of which are incorrect) are Paragraphs 2, 16, and 59 of the Complaint.

coins in the games.[3] His allegations concede that he did so voluntarily. Accordingly, his claims are barred by the voluntary payment doctrine.

***Second***, Plaintiff fails to state his claims pursuant to Federal Rule of Civil Procedure 9(b). Plaintiff's claims each allege that FIS participated in a purported fraudulent scheme and thus sound in fraud—accordingly, Plaintiff was required to plead his claims with particularity, identifying the specific misstatements or omissions made by ***each Defendant***. Plaintiff improperly groups together the different Defendants throughout the Complaint and fails to allege any specific misrepresentations made by FIS; accordingly, the Complaint should be dismissed for this pleading failure as well.

***Third***, Plaintiff fails to adequately plead his five causes of action under Federal Rule of Civil Procedure 12(b)(6). Count I purports to state a violation of Chapter 849, Florida Statutes, but there is no private cause of action under this statute. Count II alleges a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), but Plaintiff fails to allege any deceptive or unfair trade practice taken by FIS that caused him harm, or that he suffered any ***actual*** damages cognizable under FDUTPA. Counts III and V purport to state violations of Florida's Racketeer Influenced and Corrupt Organizations Act ("RICO") statute, but fail to allege any intent by FIS, any plausible facts showing a pattern of ongoing or related criminal activity, or any facts showing the establishment or operation of any "enterprise." And

---

[3] His allegations also suggest that this claim was purposely manufactured, as Plaintiff appears to have signed up on the website, opted out of the arbitration agreement on the websites, and then filed this claim within a short period of time just after a nearly identical claim brought by his attorneys against VGW was dismissed.

Count IV, Plaintiff's civil conspiracy claim, fails to allege any agreement between FIS and VGW or any underlying tort or overt act taken by FIS pursuant to this purported conspiracy.

For these reasons and those discussed herein, the Complaint against FIS should be dismissed with prejudice.

## MEMORANDUM OF LAW

I. **The Voluntarily Payment Document Bars Plaintiff from Recovering Monetary Damages for His Claims.**

Florida's voluntary payment doctrine prevents a plaintiff from recovering any monetary damages if there are sufficient facts before the court regarding his willful payment for a product or service while having full knowledge of the relevant facts on which his damages claims are based. *See McMullen v. Inland Realty Corp.*, 152 So. 740, 742 (Fla. 1933) ("It is a well-recognized rule that money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered back, and ***this is true even though the claim thus paid was illegal***[.]") (emphasis added); *Jefferson Cnty. v. Hawkins*, 2 So. 362, 365 (Fla. 1887) (same); *Sanchez v. Time Warner, Inc.*, No. 98-211-CIV-T-26A, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998) (granting defendant's motion to dismiss plaintiff's class action lawsuit under the voluntary payment doctrine).[4] The voluntary payment

---

[4] *See also N. Mia. v. Seaway Corp.*, 9 So. 2d 705, 707 (Fla. 1942) (reinstating judgment for defendant where plaintiff voluntarily paid a tax it believed to be illegal); *Tirri v. Est. of Batchelor*, 898 So. 2d 1125, 1126 (Fla. 3d DCA 2005) (affirming judgment against plaintiff where he voluntarily paid defendant $1 million as part of a renegotiated stock purchase agreement).

doctrine applies when a plaintiff tries to manufacture a legal injury after he makes a voluntary payment or transaction with knowledge of the facts relevant to that transaction. *See id.*; *see also Hassen v. Mediaone of Greater Fla., Inc.*, 751 So. 2d 1289, 1290 (Fla. 1st DCA 2000) ("It does not matter that the payment may have been made upon a mistaken belief as to the enforceability of the demand, ***or liability under the law, as long as payment is made with knowledge of the factual circumstances***.") (emphasis added).

Here, Plaintiff's allegations show that he voluntarily purchased virtual coins on the VGW websites while ***knowing*** that he could win or lose virtual coins playing the games. *See* Compl. ¶ 109 ("Plaintiff and the Class purchased coins or expended money to obtain coins (GC and SC) ***to wager at VGW's games***. Plaintiff and each member of the Class ***staked money in the form of coins purchased with money or acquired by expenditures of money, in order to play VGW's games of chance***") (emphasis added), *see id.* ¶ 12 ("Plaintiff lost approximately $1,000, playing the casino games of chance that are promoted and operated by VGW on these internet websites.").

Plaintiff's (incorrect) allegations that these online games somehow constitute an illegal gambling operation does not change this result. *See McMullen*, 152 So. at 742; *Jefferson Cnty.*, 2 So. at 365; *Hassen*, 751 So. 2d at 1290; *Seaway Corp.*, 9 So. 2d at 707. Under Florida law, the voluntary payment doctrine applies regardless of allegations of illegality if those allegations show that the Plaintiff knew of the circumstances before he made his voluntary payment.[5] *See id.* Accordingly, Plaintiff cannot recover any

---

[5] Plaintiff does not allege, nor could he, that these purchases were coerced or made under duress. *See Tirri*, 898 So. 2d at 1126 (affirming judgment for defendant because plaintiff made

damages relating to any losses he purportedly incurred when he willingly and with full knowledge of the factual circumstances made these online purchases. The Court therefore should dismiss Plaintiff's claims pursuant to the voluntary payment doctrine.

## II.    Plaintiff's Allegations Violate Federal Rule of Civil Procedure 9(b).

### A.    Legal Standard

Federal Rule of Civil Procedure 9(b) applies to claims that sound in fraud, and provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This particularity requirement "alert[s] defendants to the precise misconduct with which they are charged." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citation omitted). Rule 9(b) thus requires that the plaintiff allege specific allegations of (1) the precise statements, documents, or misrepresentations made; (2) the time and place of, and person responsible for, the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). To satisfy Rule 9(b), a complaint "must set forth particular allegations about the 'who, what, when, where, and how' of the fraud." *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (quotation omitted); *Berber v.*

---

a voluntary payment and was not under duress); *Greene v. Alachua Gen. Hosp., Inc.*, 705 So. 2d 953, 953-54 (Fla. 1st DCA 1998) (affirming judgment for defendant because the "record [was] devoid of facts" demonstrating that plaintiff's payment was made under imposition); *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 657 (Fla. 5th DCA 1996) (affirming judgment for defendant because plaintiff made voluntary payments after the defendant's alleged coercive acts ceased).

*Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2018 WL 10436236, at *2 (S.D. Fla. May 24, 2018) (claims subject to Rule 9(b) must allege the "time, place and specific content of the false representations as well as the identities of the parties to the representation and manner in which the statements misled the plaintiffs").

Each of Plaintiff's causes of action arise from his allegations that FIS somehow participated in a fraudulent and illegal gambling scheme by processing payments on VGW's websites. *See, e.g.,* Compl. ¶¶ 16, 59, 115, 128-129, 141, 152-154, 159-160, 162-164. Because each of his claims purport to arise from this alleged fraudulent scheme, they each sound in fraud and are subject to the particularity requirements of Rule 9(b). *See Lamm v. State St. Bank and Trust*, 749 F.3d 938, 951 (11th Cir. 2014); *Berber*, 2018 WL 10436236, at *2 (Rule 9(b) applies to RICO claim "based on an alleged pattern of criminal activity consisting of fraud"); *Blair v. Wachovia Mortg. Corp.*, No. 5:11-CV-566-OC-37TBS, 2012 WL 868878, at *2-3 (M.D. Fla. Mar. 14, 2012) (dismissing the FDUTPA claim, in part, because it failed to comply with Rule 9(b)). Plaintiff fails to meet this standard.

## B.    Plaintiff's Allegations Fail to Meet Rule 9(b)'s Particularity Standard.

As an initial matter, it is unclear from Plaintiff's deficient allegations which claims are specifically alleging fraud with respect to FIS. At best, the majority allege in conclusory form that FIS "defraud[ed] Plaintiff and Florida citizens" (Compl. ¶ 16), FIS knew that VGW's representations and advertisements concerning the legality of its websites were false (Compl. ¶ 152), and "Plaintiff and each member of the Class have lost money because of fraud by VGW and FIS." Compl. ¶ 162. The remaining

fraud allegations in the Complaint, however, solely concern VGW's alleged conduct. *See* Compl. ¶¶ 81, 82, 147, 153; *see also id.* ¶¶ 148, 162. There are no specific allegations regarding any misrepresentations or omissions by FIS, what actions FIS took *with knowledge* in furtherance of this purported scheme, or when or how FIS took those actions. To the extent Plaintiff is seeking to simply impute the VGW Defendants' alleged conduct to FIS, it is unacceptable to "impute knowledge of the wrongdoing" to a defendant "through their mere business associations" with the alleged primary wrongdoer and claim that the defendant therefore "knew or should have known" of the alleged wrongdoing. *Feng v. Walsh*, No. 19-24138, 2021 WL 8055449, at *7-8 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022).

Based on Plaintiff's bare allegations as to FIS, the Complaint should be dismissed. FIS is unable to decipher "the precise misconduct with which they are charged" (*Ziemba*, 256 F.3d at 1202) or its "'purported role in the scheme.'" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). Such allegations do not provide FIS "fair notice," which is "the most basic consideration underlying Rule 9(b). *Id.*; *Ambrosia Coal*, 482 F.3d at 1316 (same). The Complaint is wholly deficient in this respect because it lacks even general allegations concerning FIS's role in the alleged fraud. *See id.*; *see also Peng v. Mastroinni*, No. 20-80102, 2021 WL 4522303, at *4 (S.D. Fla. May 5, 2021) ("Conclusory statements that a defendant

acted with the requisite knowledge" are also inadequate). Accordingly, Plaintiff's claims fail under Rule 9(b).

### C. Plaintiff's Allegations Also Improperly Group and Commingle FIS with the Other Defendants.

The Complaint separately violates Rule 9(b) by impermissibly combining and commingling the different Defendants. "[I]n a case involving multiple defendants . . . the complaint should inform *each defendant* of the nature of [its] alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (emphasis added). Rule 9(b) does not permit generalized allegations against separate defendants because such allegations "do not inform each Defendant of the particular claims against it. Moreover, lumping all defendants together for different misconduct fails to demonstrate each defendant's individual liability." *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *4 (D.N.J. Dec. 16, 2015) (holding that this pleading tactic does not satisfy Rule 8); *Brooks*, 116 F.3d at 1380-81 (holding a plaintiff may not "lump[] together" individual defendants in their allegations of fraud; facts specific to each must be alleged).

Here, Plaintiff impermissibly commingles FIS and WorldPay, Inc. throughout the Complaint, failing to identify which purportedly took the actions alleged in the Complaint, and which purportedly had knowledge of the alleged scheme. *See, e.g.*, Compl. ¶ 16 ("Hereafter, WORLDPAY, INC. and FIS are collectively referred to as "FIS."); *id.* ¶¶ 97, 117, 130, 143, 156 ("FIDELITY NATIONAL INFORMATION SERVICES, INC., a Florida corporation, including its subsidiary WORLDPAY, INC. (previously and herein referred to collectively as 'FIS'")). Plaintiff also group-

pleads FIS and WorldPay, Inc. alongside the VGW Defendants. *See, e.g., id.* ¶ 70 ("*Defendants* erroneously attempt to justify this by claiming that because SC are unable to be redeemed before wagering that they have no value.") (emphasis added).

Accordingly, the Complaint also should be dismissed because Plaintiff impermissibly groups together the different Defendants without specifying the conduct alleged against each Defendant.

## III.   Plaintiff's Claims Independently Fail To State a Claim Under Rule 12(b)(6).

The Complaint alleges five causes of action, but Plaintiff falls short in pleading each element to those claims, and thus each claim should be dismissed.

### A.   Legal Standard.

A claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to establish a plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560, 127 S. Ct. 1955, 1968 (2007). Rule 8 applies to every claim, and demands "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Plowright v. Miami-Dade Cnty.*, No. 1:22-cv-20203, 2022 WL 18228314, at *2 (S.D. Fla. Dec. 5, 2022) (quotation omitted). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Twombly*, 550 U.S. at 556-57. Thus, naked allegations without such factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

**B.    Chapter 849, Florida Statutes, Does Not Provide a Right for a Private Cause of Action.**

This Court has made clear that there is no private right of action under any section in Chapter 849, Florida Statutes. *Crawley v. Clear Channel Outdoor, Inc.*, No. 8:10-cv-01238-T-EAKMAP, 2011 WL 748162, at *3 (M.D. Fla. Feb. 24, 2011). In *Crawley*, Judge Kovachevich explained:

> ***There fails to exist a statute within Chapter 849 that creates a cause of action and authorizes a particular suit. The reason for this is that the statute that had previously authorized such suits has been repealed by the Florida Legislature.*** *See* 1974 Fla. Laws 1219, Ch. 74–382 (repealing §§ 849.27 and 849.28). Previously, § 849.27 authorized suit and gave rise to a cause of action. *See* § 849.27, Fla. Stat. (1973) (repealed 1974). Upon the repeal of § 849.27, the authorized cause of action vanished. *See Bureau of Crimes Comp. v. Williams*, 405 So.2d 747, 748 (Fla. 2d DCA 1981) ("[W]hen the legislature repeals a statute, the right or remedy created by the statute falls with it."). ***Section 849.27 was the basis for any recovery as it set forth what suits were authorized and what items could be recovered. Furthermore, § 849.29 does not take § 849.27's place. Section 849.29 states who can be liable under a cause of action authorized by § 849.27. Section § 849.29 states only that authorized actions are permitted, and the authorizing statute, § 849.27, has been repealed***.

*Id.* at *3 (emphases added). Thus, Plaintiff cannot state a claim under Section 849.29, Florida Statutes because there is no private right of action under Chapter 849.

**C.    Plaintiff Fails to State a Claim Under FDUTPA (Count II).**

FDUTPA is intended to prohibit "[u]nfair methods of competition, unconscionable acts or practices," and "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204. The Court should dismiss the FDUTPA claim because Plaintiff fails to allege the necessary elements: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 132 (S.D. Fla. 2021);

*Parr v. Maesbury Homes, Inc.*, No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (M.D. Fla. Dec. 22, 2009) (citing *Third Party Verification, Inc. v. Signatureline, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007)).

### 1.   Plaintiff Fails to Allege a Deceptive or Unfair Trade Practice.

Plaintiff does not allege that FIS engaged in any act that would constitute a deceptive or unfair trade practice. "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quotations omitted). "The deception must be probable, not possible, and must be likely to cause injury to a reasonably relying consumer." *Molina v. Aurora Loan Servs., LLC*, 635 F. App'x 618, 627 (11th Cir. 2015) (quotations omitted). In considering whether an act is deceptive or unfair, courts consider the Federal Trade Commission's ("FTC") definition of unfair trade practices. *See Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1098 (Fla. 3d DCA 2014) ("the 1980 Policy Statement's definition of unfair trade practice should be used when interpreting FDUTPA"); 15 U.S.C. § 45(n).[6]

Plaintiff's only allegation attempting to tie FIS to any deceptive or unfair practice is a conclusory allegation that FIS is "jointly and severally liable [pursuant to

---

[6] Under the FTC's three-prong test for "unfairness," injury to the consumer must: (1) be substantial; (2) "not be outweighed by any countervailing benefits to consumers or competition that the practice produces"; and (3) "be an injury that consumers themselves could not reasonably have avoided." *Porsche*, 140 So. 3d at 1096.

section 849.20, Florida Statutes,] for the actions of VGW." Compl. ¶ 127. This allegation fails for two reasons.

*First*, this allegation purports to employ Section 849.29 as a predicate for a FDUTPA violation;[7] however, purported violations of section 849.29 are not expressly or impliedly *per se* violations of FDUTPA. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902 (11th Cir. 2020) (FDUTPA claim dismissed because plaintiff failed to state predicate claims). And Section 849.29, because it does not expressly relate to deceptive or unfair trade practices, does not impliedly seek to regulate such practices. *See Feheley*, 2009 WL 2474061, at *3 (rejecting construction of gambling statute as *per se* FDUTPA violation because "[i]t neither expressly nor impliedly regulates unfair or deceptive trade practices, and no Florida court has ever cited it as a FDUTPA predicate").

*Second*, Plaintiff's conclusory allegations belie his claim that a violation of Section 849.29 facially constitutes a deceptive or unfair trade practice. Courts routinely dismiss claims based on such conclusory allegations. *See, e.g., Fid. Nat'l Fin., Inc. v. Attachmate Corp.*, No. 315CV01400HESPDB, 2017 WL 3726687, at *3 (M.D. Fla. Mar. 1, 2017) (conclusory description of conduct insufficient under Fed. R. Civ. P. 8(a) or 9(b)); *Parr*, 2009 WL 5171770, at *8 (dismissing the FDUTPA claim because

---

[7] Section 501.203(3)(c), Florida Statutes, states that a violation of any law "which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate deceptive or unfair practice for a FDUTPA claim. *Parr*, No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (citing *Meitis v. Park Square Enters., Inc.*, No. 6:08–cv–1080–Orl–22GJK, 2009 WL 703273 at *4 (M.D. Fla. Jan. 21, 2009)).

"the Complaint simply states that because the Defendant violated these statutes, the Defendant violated FDUTPA."); *HW Aviation LLC v. Royal Sons, LLC*, No. 807-CV-2325-T-23MAP, 2008 WL 4327296, at *6 (M.D. Fla. Sept. 17, 2008) (conclusory allegations of deceptive, unfair, or unconscionable actions are insufficient under FDUTPA."); *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, No. 04-60861, 2005 WL 975773, at *9 (S.D. Fla. 2005) (recommending dismissal because complaint lacked sufficient factual allegations of "unfair or deceptive" conduct); *Infinity Global, LLC v. Resort at Singer Island, Inc.*, No. 07-80680, 2008 WL 1711535, at *4 (S.D. Fla. 2008) ("[A] plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constituted an 'unfair or deceptive act.'"). Simply acting as the payment processing partner for VGW or advertising such relationship is not a deceptive act under FDUTPA.

## 2. Plaintiff Fails to Plead Causation.

Plaintiff's FDUTPA claim also should be dismissed because Plaintiff does not plead that FIS's alleged deceptive conduct caused him harm or was likely to deceive consumers. To satisfy FDUTPA's causation element, "the plaintiff must prove that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x 565, 567 (11th Cir. 2009) (cleaned up). FIS's alleged conduct does not meet this standard. Plaintiff merely alleges that FIS processed payments for VGW and advertised as such. Compl. ¶¶ 2, 16, 128. These allegations, however, do not plead that Plaintiff or "a consumer acting reasonably would have been deceived." *Cold Stone*, 332 F. App'x at

567. Moreover, Plaintiff does not allege that he saw FIS's alleged advertisement concerning its relationship with VGW or that it caused him to join VGW's websites and lose his money.[8] Thus, Plaintiff fails to plead that FIS's alleged conduct caused his injury.

### 3.    Plaintiff Fails to Allege Actual Damages Under FDUTPA.

FDUTPA only allows a plaintiff to recover "actual damages." Fla. Stat. § 501.211(2). Recovery of consequential or special damages is not permitted. *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients*, 758 F. App'x 785, 792 (11th Cir. 2018); *Plain Bay Sales, LLC v. Gallaher*, No. 9:18-cv-80581, 2020 WL 202960, at *4 (S.D. Fla. Jan. 14, 2020) (dismissing FDUTPA claim because plaintiffs failed to plead actual damages). Under FDUTPA, ***actual damages are measured by the "difference in market value of the [product or service] as delivered and market value as it should have been delivered[.]"*** *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 181 (Fla. 3d DCA 2010) (emphasis added).

Plaintiff fails to allege that he suffered actual damages. He does not (and cannot) allege that the market value of the virtual coins that he purchased was less than the value of the money he used to buy those virtual coins. Instead, Plaintiff claims that he suffered damages because he allegedly lost money by purchasing the virtual coins and playing the games. *Id.* ¶¶ 12, 126, Count II WHEREFORE Clause (2). This is, at best,

---

[8] The advertisement that Plaintiff is referring to (Exhibit B to the Complaint), does not concern FIS; it is an article regarding a Worldpay entity's services to VGW and not an advertisement for users to join VGW's website.

a consequential harm based on his voluntary decision to purchase the virtual coins (which he was not required to do), not an actual harm relating to what he purchased. Such consequential harms are not recoverable under FDUTPA. *See Rodriguez*, 38 So. 3d at 181 ("Because the proper measure of 'actual damages' is the difference in the market value of the jet-boat as delivered and market value as it should have been delivered," the plaintiff "cannot recover damages for the down payment and loan payments, as those are consequential damages"); *Dorestin v. Hollywood Imps., Inc.*, 45 So. 3d 819, 824 (Fla 4th DCA 2010) ("Proof of actual damages is necessary to sustain a FDUTPA claim."); *Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011) (dismissing claim for failure to plead actual damages).

Accordingly, Plaintiff's FDUTPA claim should be dismissed.

### D.   Plaintiff Fails to State a Claim Under Florida's RICO Statute (Counts III and V).

The Complaint fails to plead a Florida RICO claim because it does not allege FIS's criminal intent, a pattern of ongoing or related violative activity, and that the proceeds were used in the establishment or operation of any enterprise.

#### 1.   Section 772.104 Requires Plaintiff to Allege, *inter alia*, Criminal Intent, a Pattern of Criminal Activity, and Actual Injury.

Section 772.102 is part of Florida's RICO statute, and covers violations of certain enumerated acts and statutes, including Sections 849.09, 849.14, 849.15, 849.23, or 849.25, relating to gambling. Fla. Stat. 772.102(1)(a)(31).[9] Because, as

---

[9] Plaintiff also alleges that FIS violated Section 817.41, Florida Statutes, for misleading advertising. *See* Compl. at Count V. FIS cannot be held liable for misleading advertising

discussed *supra*, Chapter 849 does not provide a private cause of action, any civil claim for violations of that statute (or the others listed) must be pursued under the Florida RICO statute. *See* Fla. Stat. § 772.101, *et seq.* Section 772.103(1) of the statue outlines the elements that must be pleaded for a Florida RICO claim, providing that it is unlawful for any person "[w]ho has **with criminal intent** received any proceeds derived … from a **pattern of criminal activity** . . . to use or invest . . . any part of such proceeds . . . in the **establishment or operation of any enterprise.** *Id.* (emphasis added).

**First**, a plaintiff must allege "criminal activity" sufficient to show a means to commit or to attempt to, conspire to, or solicit, coerce, or intimidate another to commit certain expressly-enumerated crimes. Fla. Stat. § 772.102(1). But a "pattern of criminal activity" requires allegations of "at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents…." Fla. Stat. § 772.102(4). And an "enterprise" requires a plaintiff to plead the existence of "any individual, . . . corporation, or other legal entity, or any . . . group of individuals associated in fact." Fla. Stat. § 772.102(3).

**Second**, Florida's RICO statute requires allegations of "ongoing criminal behavior" that are similar and interrelated. *See Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, No. 17-60974-CIV, 2017 WL 4310754, at *17 (S.D. Fla. Sept. 28, 2017) (quoting *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 501 (Fla. 3d DCA 1994));

---

because there is no allegation—let alone a plausibly pleaded allegation—that the purported advertisement was disseminated by FIS. *See id.* Ex. B.

*State v. Lucas*, 600 So. 2d 1093, 1094 (Fla. 1992). Where crimes are not alleged to be ongoing, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* (citing *Lucas*, 600 So. 2d at 1094).

**Third**, a plaintiff must allege an actual injury to business or property directly caused by the RICO violation. *See Meridian Tr. Co. v. Batista*, No. 17-23051, 2018 WL 4760277, at *4 (S.D. Fla. Sept. 30, 2018) (the "connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect"); *Bortell v. White Mountains Ins. Group, Ltd.*, 2 So. 3d 1041, 1047 (Fla. 4th DCA 2009) ("Indirect harm is insufficient").

### 2. Plaintiff Fails to Allege the Elements Necessary for a Claim Under Section 772.104, Florida Statutes.

Plaintiff's Florida RICO claims (Count III and V) should be dismissed for at least three reasons. **First**, Plaintiff did not sufficiently plead a civil claim under section 772.103 because he did not allege FIS acted with criminal intent. Failure to plead criminal intent is fatal to such claims. *See, e.g.*, *Ginsberg*, 645 So. 2d at 502 (directing trial court to dismiss complaint because plaintiff did not allege criminal intent); *Nat. Answers, Inc. v. SmithKline Beecham Corp.*, No. 04-22646-CIV, 2005 WL 8166086, at *5 (S.D. Fla. Feb. 7, 2005) (failure to allege criminal intent fatal to claim under Florida RICO). Although conclusory, Plaintiff solely alleges criminal intent with regard to VGW's conduct, not FIS. *See* Compl. ¶¶ 133-34; *see also generally* Count V (no allegations of criminal intent).

**Second**, Plaintiff does not sufficiently plead any facts showing a "pattern" of ongoing or related criminal activity. Plaintiff merely alleges that FIS is jointly and severally liable for the acts of VGW (Compl. ¶¶ 140, 163), FIS is the payment processing partner of VGW (*id.* ¶¶ 141, 164), and FIS "promoted, set up and participated in conducting the bookmaking and gambling transactions . . . with VGW" (*id.* ¶ 142). Clearly, these conclusory allegations are insufficient to establish ongoing "pattern" of criminal behavior or any type of continuity. *See Ginsberg*, 645 So. 2d at 501 (holding conclusory allegations of continuity lacking factual allegations were insufficient); *see Ferrell v. Durbin*, 311 F. App'x 253, 256 n.6 (11th Cir. 2009) (affirming dismissal due to "scant allegations" of predicate acts committed over limited time frame).

**Third**, Plaintiff does not plead that proceeds derived from FIS's alleged criminal activity were used in the establishment or operation of any enterprise. *See generally* Compl. at Count III and V. Plaintiff alleges that FIS acted as VGW's payment processor, but Plaintiff does not allege that his or the putative class's money was used in operation of an "enterprise." *Id.*

Accordingly, Plaintiff fails to state a Florida RICO violation, and thus the Florida RICO claims (Counts III and V) should be dismissed.

### E. Plaintiff Fails to State a Civil Conspiracy Claim (Count IV).

Under Florida law, a plaintiff must allege the following elements to state a claim for civil conspiracy: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act

in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Price v. Lakeview Loan Servicing, LLC*, No. 219CV655FTM29MRM, 2021 WL 1610097, at \*12 (M.D. Fla. Apr. 26, 2021), *aff'd*, No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022). Plaintiff fails to allege the essential elements of his conspiracy claim against FIS.

*First*, Plaintiff does not plead allegations showing the existence of any agreement between FIS and the VGW Defendants (or any other defendant). Plaintiff alleges only that "VGW and FIS together in concert conspired to cause Plaintiff and the Class to utilize VGW's websites to commit illegal or unlawful acts of gambling and bookmaking as part of a scheme to deprive Plaintiff's and the Class's money." Compl. ¶ 144. Plaintiff's conclusory allegations, however, fail to allege *facts* showing that FIS entered into any agreement with the VGW Defendants. *Price*, 2021 WL 1610097, at \*12 ("[T]he Amended Complaint does not contain any facts alleging the elements of a civil conspiracy claim. In particular, Plaintiff has failed to allege the existence of an agreement between Defendant and LoanCare to engage in unlawful conduct, or that they engaged in an overt act in pursuance of the conspiracy.").

*Second*, "Florida does not recognize civil conspiracy as a freestanding tort." *Banco de los Trabajadores v. Cortez Moreno*, 237 So. 3d 1127, 1136 (Fla. 3d DCA 2018) (citation omitted). Thus, to plead a conspiracy, a plaintiff must plead "the underlying civil wrong occurring pursuant to the conspiracy and which results in the plaintiff's damages." *Id.*; *Marriott Int'l, Inc. v. Am. Bridge Bahamas, Ltd.*, 193 So. 3d 902, 909 (Fla.

3d DCA 2015). An alleged civil conspiracy does not give rise to an independent cause of action, "but is a vehicle for imputing the tortious acts of one coconspirator to another to establish joint and several liability." *Lorillard Tobacco Co. v. Alexander*, 123 So. 3d 67, 80 (Fla. 3d DCA 2013) (citation omitted). Stated differently, a civil conspiracy plaintiff must plead facts that, if proven, would establish the underlying tort that is linked to the civil conspiracy claim. *Id.*; *see also Banco de los Trabajadores*, 237 So. 3d at 1136 (same).

Here, Plaintiff fails to plead that the alleged payment processing services or advertisement constitutes a tort under Florida law, nor does he plead facts showing that FIS participated in any of the other conduct alleged in the Complaint. Plaintiff's civil conspiracy claim is based solely on FIS's alleged ancillary participation in an allegedly illegal gambling website pursuant to Chapter 849, Florida Statutes. But because there is no right for a private cause of action under Chapter 849, Plaintiff cannot use that statute as a basis to support his civil conspiracy claim.

***Third***, Plaintiff's conclusory allegations fail to establish any overt act taken by FIS. Plaintiff merely alleges that "[t]he acts of VGW and FIS done in concert to deprive Florida citizens, Plaintiff and the Class of money through the promotion and advertising of VGW's gambling websites, and the process of collecting and distributing money done by FIS constitute overt acts in furtherance of a civil conspiracy, which is actionable under Florida law." Compl. ¶ 154. Plaintiff, however, does not allege ***how*** FIS's alleged advertising or role as a payment processor for VGW constitutes an overt act in furtherance of a conspiracy. The advertisement Plaintiff refers to does not even

concern FIS. *See* Compl. at Ex. B. Accordingly, Plaintiff's civil conspiracy claim should be dismissed.

*Fourth*, and finally, Plaintiff's conclusory allegations are insufficient to establish that FIS's conduct caused Plaintiff's damages. Plaintiff merely pleads that "[b]ecause of the civil conspiracy between VGW and FIS, Plaintiff and the Class have suffered damages." Compl. ¶ 155. Plaintiff, however, does not and cannot allege that FIS's alleged advertising or role as a purported payment processor for VGW resulted in Plaintiff's claimed damages, or that FIS's alleged advertisement caused him to join VGW's websites and purchase virtual coins. Accordingly, Plaintiff fails to allege damages as a result of FIS's acts, and thus the civil conspiracy claim should be dismissed.

## CONCLUSION

For the foregoing reasons, FIS respectfully requests that the Court dismiss the Complaint with prejudice, and grant such further relief to FIS, including its costs and expenses as allowed by law, equity, or the parties' agreements, that may be deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for Defendants certifies that he conferred with Plaintiff's counsel regarding the relief sought in this Motion via email on April 26, 2024. After discussion of the grounds for relief sought in this Motion, Plaintiff's counsel opposes the relief sought in this Motion.

Dated: May 1, 2024                    By:      */s/ Ian M. Ross*
                                               IAN M. ROSS
                                               iross@sidley.com
                                               Fla. Bar No. 091214
                                               KYLE TANZER
                                               ktanzer@sidley.com
                                               Fla. Bar No. 1028941
                                               SIDLEY AUSTIN LLP
                                               1001 Brickell Bay Drive
                                               Suite 900
                                               Miami, Florida 33131
                                               Telephone: (305) 391-5100

                                               *Counsel for Fidelity National
                                               Information Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2024, I electronically filed this document with the Clerk

of the Court using CM/ECF, causing a copy to be served on counsel of record.

                                               /s/ Ian M. Ross
                                               IAN M. ROSS