UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC A. KNAPP, On behalf of himself and all others similarly situated,

    Plaintiff,

v.   CASE NO. 6:24-cv-00413-CEM-DCI

VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., VGW GP LIMITED, FIDELITY NATIONAL INFORMATION SERVICES, INC., a Florida Corporation, and WORLDPAY, INC., a Delaware Corporation,

    Defendants.
_____/

**WORLDPAY, INC.'S LIMITED APPEARANCE AND MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant WorldPay, Inc. ("WorldPay, Inc."), appears for the limited purpose of seeking dismissal of Plaintiff Eric Knapp's Complaint (ECF No. 1-2) pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4) and (5) because it ceased to exist as a corporation in 2020. In support thereof, WorldPay Inc. states as follows:

**INTRODUCTION**

The Court should dismiss Plaintiff's Complaint against WorldPay, Inc. *with prejudice* because, as a corporation no longer in existence, it cannot be served with process or be sued. Pursuant to Federal Rule of Civil Procedure 17(b)(2), a corporation's capacity to be sued is determined by the law of the state under which it

is organized. As Plaintiff alleges in the Complaint, WorldPay, Inc. was a Delaware corporation. Compl. ⁋ 2. Thus, Delaware law applies in determining whether WorldPay, Inc. can be served with process or be sued in this action.

It is well-settled under Delaware law that the corporate existence of the merging corporations ceases upon a merger, and the emerging corporation is the only entity with capacity to be served with process and be sued. On June 30, 2020, prior to the filing of this action and prior to Plaintiff's registration to VGW's websites, WorldPay, Inc. merged with defendant Fidelity National Information Services, Inc. ("FIS"). **Exh. 1** (State of Delaware Certificate of Ownership). As explained below, WorldPay, Inc. ceased to exist on that date, and thus does not have the capacity to be sued in this matter.[1] Accordingly, Worldpay, Inc. appears for the limited purpose of seeking dismissal with prejudice of Plaintiff's Complaint.[2]

---

[1] WorldPay, Inc. also adopts all of FIS's arguments in its Motion to Dismiss (ECF No. 37), as the Complaint fails to state a cause of action and should be dismissed *with prejudice* pursuant to the voluntary payment doctrine and the other grounds stated therein.

[2] A dissolved or non-existing corporation may appear for the limited purpose of seeking a dismissal of a company improperly naming it as a defendant. *See, e.g., Sevits v. McKiernan-Terry Corp. (N. J.),* 264 F. Supp. 810, 811 (S.D.N.Y. 1966) ("Motion by the defendants McKiernan-Terry Corporation (Delaware) and Radcom Division of Litton Industries, Inc., pursuant to Rules 12(b) and 17(b) of the Federal Rules of Civil Procedure to dismiss the complaint, as amended, and quash the service of process as to said defendants on the grounds that said defendants are non-existent and cannot be sued in this action, and because attempted service of process upon these non-existing corporations was ineffectual, is granted."); *see also Fusilamp, LLC v. Littelfuse, Inc.*, No. 10-20528-CIV, 2010 WL 11504719, at *3 (S.D. Fla. Sept. 1, 2010) (granting "Defendant, Norberto Julio Chirkes's Limited Appearance and Motion to Dismiss Under Fed. R. Civ. P. 12(b)(4) & (5)").

## MEMORANDUM OF LAW

A.     **Legal Standard**

WorldPay, Inc. moves to dismiss the Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4) and (5) because, as a corporation that ceases to exist, it does not have the capacity to be served with process or be sued. Fed. R. Civ. P. 17(b); *see also* Del. Code tit. 8, § 259.

Rule 12 of the Federal Rules of Civil Procedure allows courts to dismiss companies on several grounds, including for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(1)-(2), (4)-(5). On a motion to dismiss for based on these grounds, the court can consider extrinsic evidence outside the four corners of the complaint.[3] *See Kodra v. Sec'y, Dep't of State*, 903 F. Supp. 2d 1323, 1327 n.5 (M.D. Fla. 2012) ("the Court is permitted to consider evidence outside the four corners of the Complaint when considering a factual challenge to subject matter jurisdiction."); *Eran Fin. Servs., LLC v. Eran Indus. Ltd.*, No. 21-CIV-81386, 2022 WL 18705508, at *2 (S.D. Fla. Nov. 4, 2022) ("If the defendant includes ***affidavits or other evidence*** in support of the 12(b)(2) motion, the question of personal jurisdiction is resolved by reference to facts outside the four corners of the complaint.") (emphasis added); *Prunty v. Arnold & Itkin LLP*,

---

[3] The Court may also consider WorldPay, Inc.'s State of Delaware Certificate of Ownership because it is incorporated by reference to the Complaint and subject to judicial notice. *See* Compl. ¶ 2; *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018); *Thomas v. Waste Pro USA, Inc.*, No. 8:17-CV-2254-T-36CPT, 2019 WL 3835255, at *2 (M.D. Fla. Aug. 15, 2019) ("the Court may take judicial notice of publicly filed corporate documents.").

753 F. App'x 731, 734 (11th Cir. 2018) ("the district court is permitted to consider facts outside the complaint in resolving a motion to dismiss for lack of personal jurisdiction"); *Holliday v. Syndicate 3000 at Lloyd's, Underwriters at, London*, No. 8:17-CV-2063-T-33AEP, 2018 WL 2214648, at *3 (M.D. Fla. May 15, 2018) (in the context of a motion to dismiss pursuant to 12(b)(2) and 12(b)(5), "the defendant first bears the burden of producing affidavits that, in nonconclusory fashion, demonstrate the absence of jurisdiction over the defendant" and "insufficient process.").

Moreover, Federal Rule of Civil Procedure 17, governs a party's capacity to be sued. Fed. R. Civ. P. 17(b). "Capacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2); *HR-Ease, Inc. v. EB Gateway, Inc.*, No. 8:15-CV-777-T-33EAJ, 2015 WL 13791721, at *4 (M.D. Fla. June 10, 2015) (applying Nebraska law for a Nebraska corporation). Plaintiff correctly alleges in the Complaint that WorldPay, Inc. was a Delaware corporation, and thus Delaware law applies in determining whether WorldPay, Inc. has the capacity to be served with process or be sued.

B.   **The Complaint Should Be Dismissed Because Worldpay, Inc. Does Not Have the Capacity to Be Served with Process or Be Sued.**

WorldPay, Inc. cannot be a defendant to this action because it ceased to exist in 2020. Under Delaware law, when a merger or consolidation occurs, the old corporations become absorbed into the new merged corporation.[4] Del. Code tit. 8, §

---

[4] The result would be the same under Florida law. Section 607.1106(a), Florida Statutes, provides that "[e]very other corporation party to the merger merges into the surviving corporation and the separate existence of every corporation except the surviving corporation *ceases*." (emphasis added).

259; *Beals v. Washington Int'l, Inc.*, Del.Ch., 386 A.2d 1156, 1161 (1978). WorldPay, Inc. merged with FIS on June 30, 2020 (Exh. 1), before Plaintiff brought this action and before Plaintiff registered an account with and played the games on VGW's website. *See* Compl. ¶ 12 (alleging that "[b]etween November 17, 2023, and November 29, 2023, Plaintiff registered" an account with VGW and played the games on its websites).

Because WorldPay, Inc. merged with FIS, WorldPay, Inc. was absorbed by the newly formed corporation. Del. Code tit. 8, § 259. WorldPay, Inc. therefore has ceased to exist as a corporation and, thus, according to Delaware law, it cannot be served with process or be sued. *Id.*; *Batty v. UCAR International Inc.*, 2019 WL 1489082, at *5 (Del.Ch. 2019) ("Having no ongoing separate or distinct legal existence, the constituent corporations to a merger cannot be sued after the merger has closed. Athena should therefore be removed as a defendant."); *Sevits v. McKiernan-Terry Corp.*, 264 F. Supp. 810, 811 (S.D.N.Y. 1966) ("In view of the fact that [the old corporations] had ceased to exist [under Del. Code tit. 8, § 259,] they could not properly be served with process. Fed. R. Civ. P. 12(b)(4) & (5); neither could the court have in personam jurisdiction over them. Fed. R. Civ. P. 12(b)(2)."); *A.F. by & Through Fogel v. Sorin Grp. USA, Inc.*, 346 F. Supp. 3d 534, 545 (S.D.N.Y. 2018) (dismissing CarboMedics from the action because it ceased to exist under Delaware law); *Beals*, 386 A.2d at 1161 (granting the defendant's motion to quash the service of process because it "cease[d] to exist on merger for all purposes, including service of process, unless the legislature provides otherwise."). Moreover, because WorldPay, Inc. no longer exists, the Court

5

also lacks subject matter and personal jurisdiction. *Sevits*, 264 F. Supp. at 811 (the court lacked personal jurisdiction over the non-existent corporation).

Accordingly, Plaintiff's Complaint against WorldPay, Inc. should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, WorldPay, Inc. respectfully requests that the Court dismiss the Complaint with prejudice, and grant such further relief to Worldpay, Inc., including its costs and expenses as allowed by law, equity, or the parties' agreements, as may be deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for Worldpay, Inc. certifies that he conferred with Plaintiff's counsel regarding the relief sought in this Motion via phone on April 8, 2024, and in follow-up emails on April 15, 29, and 30, 2024. After discussion of the grounds for relief sought in this Motion, Plaintiff's counsel indicated that he was considering an amendment to the Complaint or a substitution of Worldpay, Inc., but otherwise has not agreed to any of the relief sought in this Motion.

Dated: May 1, 2024          By:    */s/ Ian M. Ross*
                                             IAN M. ROSS
                                             iross@sidley.com
                                             Fla. Bar No. 091214
                                             KYLE TANZER
                                             ktanzer@sidley.com
                                             Fla. Bar No. 1028941
                                             SIDLEY AUSTIN LLP
                                             1001 Brickell Bay Drive
                                             Suite 900
                                             Miami, Florida 33131
                                             Telephone: (305) 391-5100

                                             *Counsel for WorldPay, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

                                                            /s/ Ian M. Ross
                                                           IAN M. ROSS