## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC A. KNAPP,
On behalf of himself and all
Other Florida citizens similarly situated,

                      Plaintiff,

v.                                CASE NO. 6:24-cv-00413-CEM-DCI

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, WORLDPAY, LLC, a Delaware
Limited Liability Company, and
WORLDPAY, INC.,

                      Defendants.

_____/

## FIDELITY NATIONAL INFORMATION SERVICES, INC.'S AND WORLDPAY, LLC'S JOINT MOTION TO TRANSFER AND DISMISS THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants Fidelity National Information Services, Inc. ("FIS") and WorldPay, LLC (collectively, the "Moving Defendants") move to transfer and dismiss Plaintiff Eric Knapp's Amended Complaint pursuant to 28 U.S.C. § 1404, the doctrine of *forum non conveniens*, and Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## INTRODUCTION

Plaintiff's Amended Complaint improperly seeks to drag the Moving Defendants into what appears to be Plaintiff's counsel's ***tenth*** attempt to sue the VGW

Defendants[1] for alleged losses from online games that customers voluntarily played on their websites. The Moving Defendants have nothing to do with the operation of these gaming websites. Instead, Plaintiff is suing them based solely on their alleged secondary liability for his alleged losses, claiming that they were the payment processors who processed the transactions for the website games he played.

These allegations are baseless, but they were also brought in the wrong court. When Plaintiff signed up on VGW's websites to play the online games, Plaintiff agreed to those websites' Terms of Service (the "Terms"), which include mandatory forum selection clauses. *See* ECF No. 61-1 and 61-2 (attaching the Terms). In the Terms, Plaintiff expressly agreed that VGW's payment processors have the "same rights" as the VGW Defendants to enforce the Terms. *See* ECF No. 61-1 at 16, 34, 53. Because Plaintiff's claims allege that the Moving Defendants were the VGW Defendants' payment processors, those claims, like the claims against the VGW Defendants, should be transferred and dismissed. Accordingly, the Moving Defendants request that the Court (1) transfer the claims relating to their alleged payment processing services for VGW Luckyland to the federal district court in Delaware pursuant to 28 U.S.C. § 1404(a); and (2) dismiss the claims relating to their alleged payment processing services for VGW Malta and VGW GP on the ground of *forum non conveniens*.

Alternatively, Plaintiff's claims against the Moving Defendants should be dismissed with prejudice for several independent reasons. **First**, each of Plaintiffs'

---

[1] The VGW Defendants are VGW Holdings Limited ("VGW Holdings"), VGW Malta Limited ("VGW Malta"), VGW Luckyland Inc. ("VGW Luckyland"), and VGW GP Limited ("VGW GP").

claims should be dismissed with prejudice because Plaintiff is barred from recovering any damages under the voluntary payment doctrine. *Second*, Plaintiff's claim under Chapter 849, Florida Statutes, should be dismissed with prejudice because that statute does not grant a private right of action. *Third*, each of Plaintiff's claims should be dismissed because Plaintiff has failed to plead a cause of action under Rules 9(b) and 12(b)(6). Plaintiff has had multiple opportunities to plead his claims and still impermissibly conflates the defendants in violation of Rule 9(b), fails to plead that the Moving Defendants had any knowledge or involvement in the purported fraud or conspiracy, and fails to allege any basis to seek damages from the Moving Defendants. *Fourth*, Plaintiff agreed to a class waiver in the Terms, and thus his class allegations should be dismissed. Accordingly, if this case is not transferred or dismissed under the Terms, then it should be dismissed with prejudice.

## MEMORANDUM OF LAW

## I.    Plaintiff's Amended Complaint Should be Transferred or Dismissed Based on the Terms.

The VGW Defendants have filed a Motion to Transfer or Dismiss based on the Terms Plaintiff agreed to on the websites. ECF No. 61. The Moving Defendants adopt that motion's arguments and explain below why they are entitled to enforce the Terms.

### A.    Under Well-Settled Law, the Moving Defendants Are Entitled to Enforce the Terms Against Plaintiff.

Whether a non-signatory may enforce an agreement against a signatory, such as Plaintiff, is a question of state law. *Gunson v. BMO Harris Bank, N.A.*, 43 F. Supp. 3d 1396, 1400 (S.D. Fla. 2014). As set forth below, courts consistently allow non-

signatories to enforce contractual terms against signatories, where, as here, (1) the non-signatory is a third-party beneficiary or related party to the contract; or (2) a signatory's conduct and allegations regarding a non-signatory equitably estop him from avoiding the contractual terms as to the non-signatory. The Moving Defendants are entitled to enforce the Terms for both reasons.

### 1.    The Moving Defendants Are Entitled to Enforce the Terms as Intended Third-Party Beneficiaries.

Florida courts routinely enforce agreements in favor of intended third-party beneficiaries. *See Capua v. Air Europa Lineas Aereas S.A. Inc.*, No. 20-CV-61438-RAR, 2021 WL 965500, at *5 (S.D. Fla. Mar. 15, 2021); *Zac Smith & Co. v. Moonspinner Condo. Ass'n, Inc.*, 472 So. 2d 1324, 1324 (Fla. 1st DCA 1985) (quashing order denying motion to compel arbitration because defendant was a third-party beneficiary of the arbitration provision). Indeed, for a third party to enforce an agreement, Florida courts require only that the agreement express an intent to confer a benefit on the third party. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 983 (11th Cir. 2005); *see Capua*, 2021 WL 965500, at *5 (the terms of the agreement are the best evidence of the parties' intent).

Here, Plaintiff agreed to the Terms, which expressly state that VGW's "Payment Administration Agent" "***will have the same rights, powers and privileges that [VGW] ha[s] under these Terms of Service and will be entitled to exercise or enforce their rights, powers and privileges as our agent or in their own name***." ECF 21-1, Exhs. A, B, C § 8.21 (emphasis added). "Payment Administration Agent" is defined as

> ***the service provided through any related body corporate, affiliate, or third party we appoint to act as our agent***, including but not limited to VGW Holdings Limited,

> VGW Corporation Pty Ltd, VGW Malta Holding Limited, VGW
> Administration Malta Limited, Agence V Limited, VGW Holdings US Inc,
> VGW US Inc and VGW Luckyland Inc.

*Id.* § 1 (emphasis added). Other clauses in the Terms also confirm that, because they process payments and store payment information, VGW's payment processors constitute the Payment Administration Agent. *Id.*, Exh. A § 2.1 ("All payments are processed by VGW Luckyland, Inc. or any Payment Administration agent it appoints."); *id.*, Exh. B § 2.1 (All payments are processed by VGW Malta or any Payment Administration Agent it appoints."); *id.*, Exh. C § 2.1 ("All payments are processed by VGW GP or any Payment Administration Agent it appoints."); *id.*, Exhs. A, B, C § 6.4 ("You agree that [VGW] and our ***Payment Administration Agents and payments facilitators may store your payment information (e.g. card number or token) to process your future purchases.***") (emphasis added).

Plaintiff cannot dispute that the Moving Defendants are VGW's "Payment Administration Agent," particularly because he explicitly alleges in the Amended Complaint that they are VGW's payment processor. Am. Compl. ¶ 2 ("FIS fully controlled and operated WORLDPAY, LLC as the arm or agent of FIS to provide payment processing services to VGW . . . ."); *id.* ¶ 16 ("WORLDPAY, LLC[] provided payment processing services to VGW for billions of dollars in gambling transactions that have taken place in the state of Florida . . . ."); *id.* ¶¶ 115-16, 128-29, 141-42, 163-64 (group pleading WorldPay, LLC with FIS as the payment processors for VGW).

Thus, both the Terms and Plaintiff's own allegations establish the Moving Defendants as VGW's Payment Administration Agent. Accordingly, the Moving

Defendants can enforce the Terms (including the forum selection and class action waiver clauses) against Plaintiff because the signatories intended the Moving Defendants to enjoy the same rights under the agreement. ECF 21-1, Exhs. A, B, C § 8.21[2]; *St. Francis Holdings, LLC v. Pawnee Leasing Corp.*, No. 8:20-CV-1101-T-02AAS, 2020 WL 6746329, at *3 (M.D. Fla. Nov. 17, 2020) (non-signatory had a right to enforce the forum-selection clause because the provisions showed that signatory intended for the non-signatory to enjoy the same rights under the agreement); *Citigroup Inc. v. Caputo*, 957 So. 2d 98, 102 (Fla. 4th DCA 2007) (same).

### 2.    The Moving Defendants Are Also Entitled to Enforce the Terms under Principles of Equitable Estoppel.

Plaintiff is precluded from denying the enforcement of the Terms under principles of equitable estoppel, which prevent Plaintiff from seeking the benefits of the Terms (which he agreed to so he could play the games underlying his claims) while simultaneously dodging his obligations under those Terms. Courts in Florida have consistently allowed non-signatories to enforce contractual terms under these principles. *See, e.g.*, *Schreiber v. Ally Fin. Inc.*, 634 F. App'x 263, 264 (11th Cir. 2015); *Greene v. Johnson*, 276 So. 3d 527, 530-31 (Fla. 3d DCA 2019); *Beck Auto Sales, Inc. v.*

---

[2] The Moving Defendants can also enforce the Terms against Plaintiff as related parties to the claims against VGW Luckyland. *See, e.g.*, *Citigroup Inc. v. Caputo*, 957 So. 2d 98, 102 (Fla. 4th DCA 2007) (holding that a non-signatory may enforce a signatory's forum-selection clause where the non-signatory and signatory are related); *World Vacation Travel, S.A., de C.V. v. Brooker*, 799 So. 2d 410 (Fla. 3d DCA 2001). The terms of service for VGW Luckyland define "VGW Group, we, us or our [as] VGW Holdings US, Inc. and VGW Luckyland, Inc. and ***related parties***." ECF No. 61-1, Exh. A § 1 (emphasis added). Merriam-Webster dictionary defines the term "related" as "connected by reason of an established or discoverable relation." There is no dispute that the Moving Defendants are related parties to VGW because—as Plaintiff himself alleges—they are the payment processors for VGW.

*Asbury Jax Ford, LLC*, 249 So. 3d 765, 767 (Fla. 1st DCA 2018); *Sawgrass Ford, Inc. v. Vargas*, 214 So. 3d 691, 693 (Fla. 4th DCA 2017). The doctrine of equitable estoppel applies (1) "when the signatory to the contract relies on the terms of the contract to assert his or her claims against the nonsignatory"; or (2) "when the signatory raises allegations of interdependent and concerted misconduct by both the nonsignatory and one or more to the signatories to the contract." *Montoya v. Nationstar Mortg., LLC*, No. 617CV1312ORL37TBS, 2017 WL 5187767, at *3 (M.D. Fla. Nov. 9, 2017).

The Court may apply either of these principles here, because the Amended Complaint alleges both "reliance" and "interdependent and concerted misconduct." *First*, Plaintiff relies on the Terms to assert his claims. Am. Compl. ¶ 13 (alleging that he exercised his arbitration opt-out rights under the Terms). Moreover, Plaintiff's claims all concern the operation of VGW's games and the Moving Defendants' payment processing of VGW's websites, both of which are expressly governed by the Terms, and Plaintiff's claims all "aris[e] directly or indirectly from the business relationship evidenced by the [Terms]." *Blue Ocean Corals, LLC v. Phoenix Kiosk, Inc.*, No. 14-CIV-61550, 2014 WL 4681006, at *8 (S.D. Fla. Sept. 19, 2014).

*Second*, Plaintiff alleges interdependent and concerted misconduct by the Moving Defendants and VGW. Am. Compl. ¶ 144, (alleging the VGW Defendants and the Moving Defendants "together in concert conspired" to commit the acts alleged in the Amended Complaint); *see also id.* at ¶¶ 152-53 (same). Accordingly, Plaintiff is estopped from denying the applicability of the Terms to his claims.

**B.** **The Court Should Transfer the Claims Concerning VGW Luckyland to the District Court in Delaware and Dismiss the Claims Concerning VGW Malta and VGW GP on the Ground of *Forum Non Conveniens*.**

As part of the Terms, Plaintiff agreed to mandatory forum selection clauses choosing Delaware for disputes with VGW Luckyland (or its Payment Administration Agent), and the courts of Malta for disputes with VGW Malta and VGW GP (or their Payment Administration Agent). The Court should enforce these provisions.[3]

*First*, the Court should transfer the claims against the Moving Defendants concerning VGW Luckyland to the district court of Delaware because Plaintiff agreed that those claims may only be brought in "the courts in the State of Delaware." ECF No. 61-1, Exh. A § 24.17. Where, as here, a contract contains a forum selection clause directing that any dispute be heard in another federal district court, a party seeking to enforce the clause should make a motion to transfer under 28 U.S.C. § 1404(a).[4] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013) (28 U.S.C. § 1404 is the "appropriate provision to enforce the forum-selection clause."); *Rosemont Hotels, Inc. v. Barton Malow Co.*, No. 6:23-cv-1073-CEM-RMN, 2024 WL 416499, at *3 (M.D. Fla. Jan. 9, 2024) (Mendoza, J.) (transferring claims against a defendant not party to a forum selection clause where the defendant was sued only on a secondary theory of liability, and claims against the primary defendants were being transferred).

---

[3] None of Plaintiff's claims relate to payments processed for VGW Holdings. Plaintiff's claims against VGW Holdings are derivative of his claims against the other VGW Defendants, and thus those claims would be governed by the Terms as well.

[4] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

*Second*, the Court should dismiss the claims against the Moving Defendants concerning VGW Malta and VGW GP because Plaintiff agreed that those claims may be brought only in Malta. ECF No. 21-1, Exhs. B, C § 24.17. "[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is" dismissing pursuant to "the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60. In either case—transfer or dismissal—the analysis is the same. *Id.* at 61 & n.8.

Courts use a modified § 1404(a) analysis to evaluate a motion to transfer or dismiss based on a valid forum selection clause. *Id.* at 63. Under this analysis, a forum selection clause "represent[s] the parties' agreement as to the most proper forum," and (1) "the plaintiff's choice of forum merits no weight"; (2) "private interest" factors under § 1404(a) are not considered, and instead are deemed "to weigh entirely in favor of the preselected forum"; and (3) only "public-interest factors" are considered, which, as a "practical result," means "forum-selection clauses should control except in unusual cases." *Id.* at 63-64. Thus, forum selection clauses carry "near-determinative weight" in deciding a motion to transfer or dismiss for *forum non conveniens*. *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

Here, the Court should transfer and dismiss Plaintiff's claims because the forum selection clauses are valid and enforceable, Plaintiff's claims are within their scope, and Plaintiff cannot show that any public interest factors favor him.

### 1.    The Forum Selection Clauses Are Valid and Enforceable.

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable

under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Federal, not state law, determines whether forum selection clauses are enforceable. *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The party attempting to invalidate a forum-selection clause has a heavy burden of proof." *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1284 (11th Cir. 2013). Plaintiff cannot meet his heavy burden.

*First*, Plaintiff does not and cannot allege that the forum selection clauses were included in the contracts because of some fraud. *See Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011). Plaintiff cannot argue that the forum selection clauses were included in the Terms by fraudulent means because the clauses are explicitly set apart in a standalone section from the remaining provisions. *See Krenkel*, 579 F.3d at 1281 (no inducement where clause was set apart from other contractual language); *see also Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 884 (11th Cir. 2018) (same).

*Second*, Plaintiff cannot argue that being made to litigate in Delaware and Malta would deprive him of his day in court because those forums would be unfair or inconvenient. *Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less

convenient for themselves or their witnesses, or for their pursuit of the litigation."); *see also Messmer v. Thor Motor Coach, Inc.*, No. 3:16-cv-1510-J-JBT, 2017 WL 933138, at *3 (M.D. Fla. Feb. 28, 2017) (same). Even if the Court could "consider these factors after *Atlantic Marine*, [t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *Aviation One*, 722 F. App'x at 884. Additionally, the fact that Plaintiff agreed to litigate his claims in two separate jurisdictions is immaterial. *Arnold v. Everglades Coll., Inc.*, No. 4:20cv247-MW/MAF, 2020 WL 12188682, at *3 (N.D. Fla. Nov. 15, 2020) (rejecting argument that "the cost of litigating two separate lawsuits in two different regions" would be sufficient to "invalidate a forum-selection clause").[5]

*Third*, to the extent Plaintiff argues that enforcement of the forum selection clauses will deprive him of a remedy, this argument fails because the Terms all contain the same Delaware choice of law clause, so whether this action is heard in Florida, Delaware, or Malta, Delaware law controls any remedy. *See Rucker*, 632 F.3d at 1237 (enforcing Illinois forum selection clause because, "[r]egardless of whether this action is litigated in a courthouse in Illinois or Alabama, the court will apply Alabama law"); *see also* ECF No. 61-2 ¶ 18 (Malta courts can apply Delaware law).

---

[5] Antoine Cremona, an experienced Maltese lawyer, has attested that Plaintiff would not be required to travel to Malta to prosecute his claims. Cremona Decl. ECF No. 61-2 ¶¶ 20-21; *see also Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021) (plaintiff would not be deprived of his day in court because he could pursue claims in an Italian court without having to personally appear); *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1282-83 (11th Cir. 2001) (affidavit by Argentine professor that Argentina would be an adequate alternative forum sufficient to enforce clause).

Plaintiff also cannot show that he would be deprived of a remedy under Delaware law. Plaintiff has asserted claims for, *inter alia*, violation of Chapter 849, Florida Statutes (for which there is no private right of action), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and civil conspiracy. Am. Compl. ¶¶ 97-129, 143-155. Delaware likewise has a Deceptive Trade Practices Act, 6 Del. C. § 2532, and recognizes claims for civil conspiracy, *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1036 (Del. Ch. 2006).

Even if "the causes of action and remedies" under Delaware law "are different and may be less favorable to" Plaintiff than under Florida law (and Plaintiff has not shown that they are), Plaintiff "would not be entirely precluded from bringing" his claims in a Delaware or Malta court under Delaware law. *Woods v. Christensen Shipyards, Ltd.*, No. 04-61432-CIV, 2005 WL 5654643, at *10 (S.D. Fla. Sept. 23, 2005). The Eleventh Circuit has held that it will not invalidate forum selection clauses "simply because the remedies available in the contractually chosen forum are less favorable than those available in the" court in which the plaintiff sued. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1297 (11th Cir. 1998). "Instead, [courts should] declare unenforceable choice clauses only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair." *Id.* A forum is considered adequate if it "provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009).

That is the case here, as the Delaware and Malta courts will apply Delaware law, which provides a remedy if Plaintiff can prove his claims. Thus, Delaware law "will not deprive Plaintiff[] of a remedy, and therefore does not make the forum selection clause[s] unenforceable." *Woods*, 2005 WL 5654643, at *10.

*Finally*, Plaintiff does not allege that enforcement of the forum selection clauses would violate Florida public policy. Because "[p]ublic policy is an amorphous concept," the Eleventh Circuit has held that "the delicate and undefined power of courts to declare a contract void as contravening public policy should be exercised with great caution, and only in cases free from substantial doubt." *Davis v. Oasis Legal Fin. Operating Co.*, 936 F.3d 1174, 1178 (11th Cir. 2019). Plaintiff may argue that the Terms are void gambling contracts under Florida law, and therefore the forum selection clauses are void as against public policy. But "[a] forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained," and therefore Plaintiff cannot avoid the forum selection clauses by arguing that the Terms are "void as illegal gambling contracts." *Rucker*, 632 F.3d at 1238.

## 2. Plaintiff's Claims Are Covered by the Forum Selection Clauses.

In the Eleventh Circuit, forum selection clauses may be applied to "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987). This is because "the wrongs underlying each of [plaintiffs'] claims would not exist but for the relationship established by the customer agreements." *Vernon v. Stabach*, No. 13-62378-CIV, 2014 WL 1806861, at *4-5 (S.D. Fla. May 7, 2014).

Here, Plaintiff agreed in the Terms that "*any dispute, controversy or claim arising out of or in connection with these Terms* . . . will be submitted exclusively to the courts in" the State of Delaware for VGW Luckyland's website and in Malta for VGW Malta and VGW GP's websites. ECF No. 61-1, Exhs. A, B, C § 24.17 (emphasis added). Plaintiff's claims fall within the scope of the forum selection clauses because they "arise out of" and are "in connection with the[] Terms," including the alleged "invalidity of the[] Terms." Am. Compl. ¶ 13 (alleging that his claims are not subject to the arbitration provision because he timely opted out under the Terms); *id* ¶ 99 (alleging damages based on Plaintiff's use of the websites). Moreover, Plaintiff's claims all concern the operation of VGW's games and the Moving Defendants' payment processing of VGW's websites, both of which are governed by the Terms, and Plaintiff's claims all "aris[e] directly or indirectly from the business relationship evidenced by the [Terms]." *Blue Ocean Corals*, 2014 WL 4681006, at *8. Indeed, "the [alleged] wrongs underlying each of [Plaintiff's] claims would not exist but for the relationship established by the [Terms]." *Vernon*, 2014 WL 1806861, at *5.

### 3.   Plaintiff Cannot Show that Public Interest Factors Overwhelmingly Disfavor A Transfer.

The only relevant public interest factors under § 1404(a) are (1) "the administrative difficulties flowing from court congestion"; (2) "the local interest in having localized controversies decided at home"; and (3) "the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 581 n.6; *see also Pappas v. Kerzner Int'l Bah. Ltd.*, 585 F. App'x 962, 967 (11th Cir.

2014). "As the party acting in violation of the forum-selection clause," Plaintiff must show "that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. Plaintiff cannot make this showing.

*First*, "the Middle District of Florida is one of the busiest districts in the United States," and parties are unlikely to find any more congestion elsewhere, including in foreign forums. *Aviation One of Fla., Inc. v. Clyde & Co.*, LLP, 6:13-cv-1243-Orl-41DAB, 2016 WL 4494459, at *6 (M.D. Fla. Aug. 26, 2016) (Mendoza, J.). In fact, "[t]he Orlando Division of the Middle District of Florida is currently operating in a Judicial Emergency due to a judicial vacancy," so civil cases are "the Court's lowest priority unless emergency issues are presented." ECF No. 8. This civil action presents no emergency issues. The first public interest factor therefore favors a transfer.

*Second*, this case is not a localized controversy that must be litigated in Florida, but rather one arising from websites. This "would suggest that no particular access to evidence is located in Florida." *Bachstein v. Discord, Inc.*, 424 F. Supp. 3d 1154, 1160 (M.D. Fla. 2019) (Mendoza, J.). And WorldPay, LLC is a Delaware entity headquartered in Ohio. *See Hindi v. BirdEye, Inc.*, No. 19-cv-61201-BLOOM/Valle, 2019 WL 4091425, at *9 (S.D. Fla. Aug. 29, 2019) (consumer class action was "not a localized controversy" where, *inter alia*, defendant was a Delaware company headquartered in California). The second public interest factor thus favors a transfer.

*Third*, the Delaware federal district court—which the Terms state is the exclusive forum for claims against the Moving Defendants related to VGW Luckyland—will be more familiar with Delaware law. *See Bachstein*, 424 F. Supp. 3d

at 1160 (transferring to California where courts will be more familiar with California law); *see also United States v. Cincinnati Ins. Co.*, No. 6:20-cv-2360- CEM-GJK, 2022 WL 1801193, at *5 (M.D. Fla. Mar. 25, 2022) (same for Virginia). And "[t]here is no reason to think the [Maltese] courts will be unable to discern and fairly apply" Delaware law. *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1299 (11th Cir. 2021). In fact, Maltese courts often deal with cases governed by the laws of other countries, including U.S. state law, and are perfectly capable of applying Delaware law. *See* Cremona Decl. ECF No. 21-2 ¶ 18. The third public interest factor therefore favors a transfer.[6]

For these reasons, the Court should transfer the claims against the Moving Defendants concerning VGW Luckyland to Delaware and dismiss the claims concerning VGW Malta and VGW GP on the ground of *forum non conveniens*. *Atl. Marine*, 571 U.S. at 67; *Rosemont Hotels*, 2024 WL 416499, at *3.

## II.    If the Amended Complaint Is Not Transferred or Dismissed Under the Terms, It Should be Dismissed with Prejudice Pursuant to the Voluntary Payment Doctrine.

The Amended Complaint should be dismissed with prejudice because the voluntary payment doctrine bars Plaintiff from recovering any monetary damages. Florida's voluntary payment doctrine prevents a plaintiff from recovering any monetary damages if there are sufficient facts before the Court showing he made a willful payment for a product or service while having full knowledge of the relevant

---

[6] At a minimum, this factor favors transfer of the VGW Luckyland-related claims and is neutral as to dismissal of the VGW Malta and VGW GP-related claims. Plaintiff cannot show that the public interest factors under § 1404(a) "overwhelmingly disfavor" transfer and dismissal.

facts on which his damages claims are based. *See McMullen v. Inland Realty Corp.*, 152 So. 740, 742 (Fla. 1933) ("It is a well-recognized rule that money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered back, and ***this is true even though the claim thus paid was illegal***[.]") (emphasis added); *Jefferson Cnty. v. Hawkins*, 2 So. 362, 365 (Fla. 1887) (same).[7] The voluntary payment doctrine applies when a plaintiff tries to manufacture a legal injury after he makes a voluntary payment with knowledge of the facts relevant to that transaction. *See id.*; *see also Hassen v. Mediaone of Greater Fla., Inc.*, 751 So. 2d 1289, 1290 (Fla. 1st DCA 2000) ("It does not matter that the payment may have been made upon a mistaken belief as to the enforceability of the demand, ***or liability under the law, as long as payment is made with knowledge of the factual circumstances***.") (emphasis added).

Here, Plaintiff's allegations establish that he voluntarily purchased virtual coins on the VGW Defendant's websites while ***knowing*** that he could lose those virtual coins. Am. Compl. ¶ 109 ("Plaintiff and the Class purchased coins or expended money to obtain coins (GC and SC) ***to wager at VGW's games***. Plaintiff and each member of the Class ***staked money in the form of coins purchased with money or acquired by expenditures of money, in order to play VGW's games of chance . . . .***") (emphases added), *see id.* ¶ 12

---

[7] *See also Sanchez v. Time Warner, Inc.*, No. 98-211-CIV-T-26A, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998) (granting motion to dismiss class action lawsuit under the voluntary payment doctrine); *N. Mia. v. Seaway Corp.*, 9 So. 2d 705, 707 (Fla. 1942) (reinstating judgment for defendant where plaintiff voluntarily paid a tax it believed to be illegal); *Tirri v. Est. of Batchelor*, 898 So. 2d 1125, 1126 (Fla. 3d DCA 2005) (affirming judgment against plaintiff where he voluntarily paid defendant $1 million as part of a renegotiated stock purchase agreement).

("Plaintiff lost approximately $1,000" playing the games).

Plaintiff's (incorrect) allegations that these online games somehow constitute an illegal gambling operation does not change this result. *See McMullen*, 152 So. at 742; *Jefferson Cnty.*, 2 So. at 365; *Hassen*, 751 So. 2d at 1290; *Seaway Corp.*, 9 So. 2d at 707. Under Florida law, the voluntary payment doctrine applies regardless of allegations of illegality if the allegations show that the plaintiff knew of the circumstances before he made his voluntary payment.[8] *See id.* Accordingly, Plaintiff cannot recover any damages relating to any losses he purportedly incurred when he willingly and with full knowledge of the factual circumstances made these online purchases, and all of his claims should be dismissed with prejudice as barred by the voluntary payment doctrine.

## III.   Plaintiff's Claims Should be Dismissed Under Rule 9(b).

### A.   Legal Standard

Federal Rule of Civil Procedure 9(b) applies to claims that sound in fraud, and provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This particularity requirement "alert[s] defendants to the precise misconduct with which they are charged." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Rule 9(b) thus requires plaintiffs to plead specific allegations of (1) the precise statements, documents, or

---

[8] Plaintiff does not allege, nor could he, that his purchases were coerced or made under duress. *See Tirri*, 898 So. 2d at 1126 (affirming judgment for defendant because plaintiff made a voluntary payment and was not under duress); *Greene v. Alachua Gen. Hosp., Inc.*, 705 So. 2d 953, 953-54 (Fla. 1st DCA 1998) (affirming judgment for defendant because the "record [was] devoid of facts" demonstrating that plaintiff's payment was made under imposition).

misrepresentations made; (2) the time and place of, and person responsible for, the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). To satisfy Rule 9(b), a complaint "must set forth particular allegations about the who, what, when, where, and how of the fraud." *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016); *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2018 WL 10436236, at *2 (S.D. Fla. May 24, 2018) (same).

### B.    Plaintiff's Allegations Fail Under Rule 9(b)'s Particularity Standard.

Plaintiff's claims fail to satisfy Rule 9(b). Each of his claims arise from his allegation that the Moving Defendants participated in a fraudulent and illegal gambling scheme by allegedly processing payments on VGW's websites. *See, e.g.*, Am. Compl. ¶¶ 16, 59, 115, 128–29, 141, 152–54, 159–60, 162–64. Thus, each of those claims sound in fraud and are subject to Rule 9(b)'s particularity requirements. *See Lamm v. State St. Bank and Trust*, 749 F.3d 938, 951 (11th Cir. 2014); *Berber*, 2018 WL 10436236, at *2 (Rule 9(b) applies to RICO claim based on fraud); *Blair v. Wachovia Mortg. Corp.*, No. 5:11-CV-566-OC-37TBS, 2012 WL 868878, at *2-3 (M.D. Fla. Mar. 14, 2012) (same for FDUTPA claim).

Plaintiff's claims fail under Rule 9(b) because they do nothing more than improperly allege in conclusory form that there was a fraud, Am. Compl. ¶ 16, and that the Moving Defendants somehow knew that VGW made misrepresentations concerning the legality of its websites, *id.* ¶ 152. Plaintiff does not and cannot allege

any particularized facts showing the Moving Defendants' involvement in this fraud: there are no specific allegations regarding any misrepresentations or omissions by the Moving Defendants, what actions they took *with knowledge* in furtherance of this purported scheme, or when or how they took those actions. And Plaintiff cannot satisfy Rule 9(b) by simply imputing the VGW Defendants' alleged conduct to the Moving Defendants. It is well settled that a plaintiff cannot "impute knowledge of the wrongdoing" to a defendant "through their mere business associations" with the alleged primary wrongdoer and claim that the defendant therefore "knew or should have known" of the alleged wrongdoing. *Feng v. Walsh*, No. 19-24138, 2021 WL 8055449, at *7-8 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022).

Because Plaintiffs have failed to plead allegations that allow the Moving Defendants to decipher "the precise misconduct with which they are charged," *Ziemba*, 256 F.3d at 1202, or their "purported role in the scheme," *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997), the Amended Complaint should be dismissed. *See id.*; *Peng v. Mastroinni*, No. 20-80102, 2021 WL 4522303, at *4 (S.D. Fla. May 5, 2021) (conclusory allegations of knowledge also are inadequate).

### C.    Plaintiff's Allegations Improperly Commingle the Defendants.

The Amended Complaint separately violates Rule 9(b) by impermissibly combining and commingling the different Defendants. "[I]n a case involving multiple defendants . . . the complaint should inform ***each defendant*** of the nature of [its] alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (emphasis added). Rule 9(b) does

20

not permit generalized allegations against separate defendants because such allegations "do not inform each defendant of the particular claims against it. Moreover, lumping all defendants together for different misconduct fails to demonstrate each defendant's individual liability." *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *4 (D.N.J. Dec. 16, 2015) (holding that this pleading tactic does not satisfy Rule 8); *Brooks*, 116 F.3d at 1380-81 (holding a plaintiff may not "lump[] together" individual defendants in their allegations of fraud; facts specific to each must be alleged).

Here, Plaintiff impermissibly commingles FIS, WorldPay, Inc., and WorldPay, LLC throughout the Amended Complaint, failing to identify which purportedly took the actions alleged, and which purportedly had knowledge of the alleged scheme. *See, e.g.*, Am. Compl. ¶ 16 ("Hereafter, WORLDPAY, INC., WORLDPAY, LLC and FIS are collectively referred to as "FIS."); *id.* ¶¶ 97, 117, 130, 143, 156 ("[FIS], a Florida corporation, including its subsidiary WORLDPAY, LLC and WORLDPAY, INC. (previously and herein referred to collectively as 'FIS'")). Plaintiff also impermissibly group-pleads FIS, WorldPay, Inc., and WorldPay, LLC alongside the VGW Defendants. *See, e.g.*, *id.* ¶ 70 ("***Defendants*** erroneously attempt to justify this by claiming that because SC are unable to be redeemed before wagering that they have no value.") (emphasis added).

Accordingly, the Amended Complaint should be dismissed because Plaintiff impermissibly groups together the Defendants without specifying the conduct alleged against each of them individually.

**IV.   Each of Plaintiff's Claims Should be Dismissed Under Rule 12(b)(6) for Failure To State Essential Elements of a Claim.**

The Amended Complaint alleges five causes of action, but Plaintiff falls short in pleading essential elements of those claims, and thus each claim should be dismissed.

**A.   Legal Standard**

A claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if, accepting the well-pleaded allegations as true, the plaintiff is unable to state enough facts to establish a plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007). Rule 8 applies to every claim, and demands "a short and plain statement of the claim showing that the pleader is entitled to relief." A "bare assertion" and "conclusory allegation[s]" will not suffice. *Twombly*, 550 U.S. at 556-57.

**B.   Chapter 849, Florida Statutes, Does Not Grant a Private Right of Action (Count I).**

Plaintiff's Count I alleges that the Moving Defendants violated Chapter 849, Florida Statutes. But another Court in this District has held that no provision in Chapter 849 grants a private right of action. *Crawley v. Clear Channel Outdoor, Inc.*, No. 8:10-cv-01238-T-EAKMAP, 2011 WL 748162, at *3 (M.D. Fla. Feb. 24, 2011). As Judge Kovachevich held: "There fails to exist a statute within Chapter 849 that creates a cause of action and authorizes a particular suit." *Id. Crawley* further explained that the statute originally granted a private right of action in § 849.27, but this section was repealed in 1974, and upon repeal "the authorized cause of action vanished," and "§

849.29 does not take [its] place." *Crawley*, 2011 WL 748162, at *2; *see Bureau of Crimes Comp. v. Williams*, 405 So.2d 747, 748 (Fla. 2d DCA 1981) ("[W]hen the legislature repeals a statute, the right or remedy created by the statute falls with it.").

Thus, Plaintiff cannot maintain an action under § 849.29, Florida Statutes, because there is no private right of action. He has therefore failed to state a claim upon which relief may be granted, and Count I should be dismissed with prejudice.

### C.    Plaintiff Fails to State a Claim Under FDUTPA (Count II).

FDUTPA is intended to prohibit "[u]nfair methods of competition, unconscionable acts or practices," and makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. The Court should dismiss the FDUTPA claim because Plaintiff fails to allege: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Parr v. Maesbury Homes, Inc.*, No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (M.D. Fla. Dec. 22, 2009).

### 1.    Plaintiff Fails To Allege a Deceptive or Unfair Trade Practice.

Plaintiff does not allege that the Moving Defendants engaged in any act that would constitute a deceptive or unfair trade practice. "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). "The deception must be probable, not possible, and must be likely to cause injury to a reasonably relying consumer." *Molina v. Aurora Loan Servs., LLC*, 635 F. App'x 618, 627 (11th Cir. 2015). In considering whether an act is deceptive or unfair, courts consider the Federal Trade Commission's

("FTC") definition of unfair trade practices. *See Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1098 (Fla. 3d DCA 2014); 15 U.S.C. § 45(n).[9]

Plaintiff's only allegation attempting to tie the Moving Defendants to any deceptive or unfair practice is a conclusory allegation that they are "jointly and severally liable [pursuant to § 849.29, Florida Statutes,] for the actions of VGW." Am. Compl. ¶ 127. This allegation fails for two reasons.

*First*, Plaintiff has not alleged that the Moving Defendants committed any unfair or deceptive act against him—simply acting as the payment processing partner for VGW or advertising such relationship with VGW is not a deceptive act under FDUTPA. Plaintiff does not (and cannot) allege that the Moving Defendants' alleged conduct as VGW's payment processor deceived him or other consumers into participating in the games on VGW's websites. His conclusory allegations that Moving Defendants' alleged violation of a Florida statute facially constitutes a deceptive or unfair trade practice has repeatedly been rejected by Florida courts. *See, e.g.*, *Parr*, 2009 WL 5171770, at *8 (dismissing FDUTPA claim because "the Complaint simply states that because the Defendant violated these statutes, the Defendant violated FDUTPA"); *HW Aviation LLC v. Royal Sons, LLC*, No. 807-CV-2325-T-23MAP, 2008 WL 4327296, at *6 (M.D. Fla. Sept. 17, 2008) (same); *Infinity Global, LLC v. Resort at Singer Island, Inc.*, No. 07-80680, 2008 WL 1711535, at *4 (S.D. Fla. 2008) (same).

---

[9] Under the FTC's three-prong test for "unfairness," injury to the consumer must: (1) be substantial; (2) "not be outweighed by any countervailing benefits to consumers or competition that the practice produces"; and (3) "be an injury that consumers themselves could not reasonably have avoided." *Porsche*, 140 So. 3d at 1096.

*Second*, although Plaintiff's allegation purports to employ § 849.29 as a predicate[10] for a FDUTPA violation, purported violations of § 849.29 are not expressly or impliedly *per se* violations of FDUTPA. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902 (11th Cir. 2020) (dismissing FDUTPA claim because plaintiff failed to state predicate claims). And, § 849.29, because it does not expressly relate to deceptive or unfair trade practices, does not impliedly seek to regulate such practices. *See Feheley*, 2009 WL 2474061, at *3 (rejecting construction of gambling statute as a *per se* FDUTPA violation because "[i]t neither expressly nor impliedly regulates unfair or deceptive trade practices, and no Florida court has ever cited it as a FDUTPA predicate"). Count II should be dismissed for both of these reasons.

### 2.   Plaintiff Fails to Plead Causation.

Plaintiff's FDUTPA claim also should be dismissed on the independent ground that Plaintiff does not plead that the alleged deceptive conduct caused him harm or was likely to deceive consumers. To satisfy FDUTPA's causation element, "the plaintiff must prove that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x 565, 567 (11th Cir. 2009). The Moving Defendants' alleged conduct does not meet this standard. Plaintiff merely alleges that the Moving Defendants processed

---

[10] Section 501.203(3)(c), Florida Statutes, states that a violation of any law "which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate deceptive or unfair practice for a FDUTPA claim. *Parr*, No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (citing *Meitis v. Park Square Enters., Inc.*, No. 6:08–cv–1080–Orl–22GJK, 2009 WL 703273 at *4 (M.D. Fla. Jan. 21, 2009)).

payments for VGW and advertised as such. Am. Compl. ¶¶ 2, 16, 128. These allegations, however, do not plead that Plaintiff or "a consumer acting reasonably would have been deceived." *Cold Stone*, 332 F. App'x at 567. Moreover, Plaintiff does not allege that he saw FIS's alleged advertisement concerning its relationship with VGW or that it caused him to join VGW's websites and spend or lose his money.[11] Thus, Plaintiff fails to plead that the Moving Defendants' alleged conduct caused his injury.

### 3.    Plaintiff Fails to Allege Actual Damages Under FDUTPA.

Plaintiff's FDUTPA claim also fails for the independent ground that Plaintiff has not alleged actual damages. FDUTPA allows a plaintiff to recover only "actual damages." Fla. Stat. § 501.211(2). Recovery of consequential or special damages is not permitted. *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients*, 758 F. App'x 785, 792 (11th Cir. 2018); *Plain Bay Sales, LLC v. Gallaher*, No. 9:18-cv-80581, 2020 WL 202960, at *4 (S.D. Fla. Jan. 14, 2020) (dismissing FDUTPA claim because plaintiffs failed to plead actual damages). Under FDUTPA, ***actual damages are measured by the "difference in market value of the [product or service] as delivered and market value as it should have been delivered[.]*"** *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 181 (Fla. 3d DCA 2010) (emphasis added).

---

[11] The purported advertisement that Plaintiff references, *see* Am. Compl. Exh. B, has nothing to do with services provided by FIS. Rather, it is an article regarding Worldpay LLC's payment processing services to the VGW Defendants and not an advertisement for users to join VGW's websites.

Plaintiff fails to allege that he suffered actual damages. Plaintiff would only suffer actual damages if he received less than what he bargained for, but he does not (and cannot) allege that the market value of the virtual coins that he purchased was less than the value of the money he used to buy those virtual coins. Plaintiff received exactly what he paid for—the equivalent monetary value in coins to play VGW's games. Plaintiff, however, incorrectly claims that he suffered damages because he allegedly lost money by purchasing the virtual coins and playing the games. Am. Compl. ¶¶ 12, 126, Count II WHEREFORE Clause (2). This is, at best, a consequential harm, which is not recoverable under FDUTPA. *See Rodriguez*, 38 So. 3d at 181 ("Because the proper measure of 'actual damages' is the difference in the market value of the jet-boat as delivered and market value as it should have been delivered," the plaintiff "cannot recover damages for the down payment and loan payments, as those are consequential damages"); *Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011) (dismissing claim for failure to plead actual damages). Accordingly, Count II should be dismissed.

### D.   Plaintiff Fails To State a Claim Under Florida's Civil RICO Statute (Counts III and V).

The Amended Complaint fails to plead a Florida civil RICO claim for four separate reasons: it does not allege (1) criminal intent; (2) a pattern of ongoing or related violative activity; (3) that purported scheme's proceeds were used to establish or operate any enterprise; or (4) that Plaintiff's purported injury was caused by Moving Defendants' alleged RICO conduct.

*First*, Plaintiff's Florida civil RICO claims should be dismissed because Plaintiff did not allege the Moving Defendants acted with criminal intent. Failure to plead criminal intent is fatal to such claims. *See, e.g.*, *Ginsberg*, 645 So. 2d at 502 (directing trial court to dismiss complaint because plaintiff did not allege criminal intent). Plaintiffs' allegations regarding intent should be rejected not only because they are entirely conclusory, *see* Am. Compl. ¶¶ 133-34, but also because none of those allegations even mention the Moving Defendants—they are directly solely at the VGW Defendants. *See id.*; *see also* Am. Compl. ¶¶ 133-34; *see also generally* Count V (no allegations of criminal intent). This facial pleading failure mandates dismissal.

*Second*, Plaintiff does not sufficiently plead any facts showing a "pattern of ongoing or related criminal activity." A "pattern of criminal activity" requires allegations of "at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents . . . ." Fla. Stat. § 772.102(4). These allegations of "ongoing criminal behavior" must be similar and interrelated. *See Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, No. 17-60974-CIV, 2017 WL 4310754, at *17 (S.D. Fla. Sept. 28, 2017); *State v. Lucas*, 600 So. 2d 1093, 1094 (Fla. 1992). Here, Plaintiff fails to allege that Moving Defendants were engaged in a "pattern of criminal activity"; to the contrary, Plaintiff merely alleges that the Moving Defendants are jointly and severally liable for the acts of the VGW Defendants because they were payment processors and thus "participated" in those acts. Am. Compl. ¶¶ 140-42, 163-64. These conclusory allegations are insufficient to establish an

ongoing "pattern" of criminal behavior or any type of continuity. *Ginsberg*, 645 So. 2d at 501 (holding conclusory allegations of continuity lacking factual allegations were insufficient); *Ferrell v. Durbin*, 311 F. App'x 253, 256 n.6 (11th Cir. 2009) (affirming dismissal due to "scant allegations" of predicate acts committed over time frame).

*Third,* Plaintiff does not plead that the proceeds derived from the Moving Defendants' alleged criminal activity were used in the establishment or operation of any enterprise. *See generally* Am. Compl. at Count III and V. An "enterprise" requires a plaintiff to plead the existence of "any individual, . . . corporation, or other legal entity, or any . . . group of individuals associated in fact." Fla. Stat. § 772.102(3). Plaintiff alleges that the Moving Defendants acted as VGW's payment processor, but that alone does not establish an enterprise, and Plaintiff does not allege that his or the putative class's money was used in operation of any "enterprise." *Id.* Moreover, mere "routine contractual combination[s] to provide financial services" are "not generally sufficient to constitute a RICO enterprise. . . ." *Parm v. Nat'l Bank of California, N.A.*, 242 F. Supp. 3d 1321, 1346 (N.D. Ga. 2017) (citing *Jubelirer v. MasterCard Int'l, Inc.*, 68 F. Supp. 2d 1049 (W.D. Wis. 1999) (dismissing gambler's RICO claims against credit card company and bank after gambler lost money at online casino)). Here, Plaintiff merely alleges that the Moving Defendants are payment processors, and acted as payment processors (Am. Compl. ¶¶ 2, 16, 115, 116)—but his claim cannot lie without alleging more: "bankers do not become racketeers by acting like bankers." *Super Vision Int'l, Inc. v. Mega Int'l Com. Bank Co.*, 534 F. Supp. 2d 1326, 1338 (S.D. Fla. 2008) (quoting *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank*, 934 F.2d 976, 981 (8th

Cir. 1991) (dismissing RICO claim where plaintiff did not allege sufficient facts to show defendant bank's control of the alleged enterprise). "Even if Defendant used fraudulent means to carry out those activities, the activities constituted Defendant's own business affairs, not acts to further the goals of a separate enterprise." *Parm*, 242 F. Supp. 3d at 1347. "In short, Plaintiff's allegations, while creative, essentially attempt to recast a contractual relationship as a RICO enterprise." *Id.* at 1348.

*Fourth*, Plaintiff does not allege an actual injury to business or property directly caused by the RICO violation. *See Meridian Tr. Co. v. Batista*, No. 17-23051, 2018 WL 4760277, at *4 (S.D. Fla. Sept. 30, 2018) (the "connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect"). Plaintiff's allegation that he suffered an injury as a result of the Moving Defendants processing payments for VGW fails to connect them to any racketeering activity. To the extent that Plaintiff even has standing to allege monetary damages (which he does not pursuant to the voluntary payment doctrine), his alleged injury is too remote or indirect from the Moving Defendants' alleged conduct. The Moving Defendants do not own or operate VGW's websites, nor do they advertise for users to join VGW's websites, and thus they could not have caused Plaintiff's alleged injury.

Accordingly, Plaintiff fails to state a Florida civil RICO violation for four separate reasons, and thus Counts III and V should be dismissed.

### E.   Plaintiff Fails to State a Civil Conspiracy Claim (Count IV).

Under Florida law, a plaintiff must allege the following elements to state a claim for civil conspiracy: "(a) an agreement between two or more parties, (b) to do an

unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Price v. Lakeview Loan Servicing, LLC*, No. 219CV655FTM29MRM, 2021 WL 1610097, at *12 (M.D. Fla. Apr. 26, 2021), *aff'd*, No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022). Plaintiff fails to allege the essential elements of his conspiracy claim against the Moving Defendants.

*First*, "Florida does not recognize civil conspiracy as a freestanding tort." *Banco de los Trabajadores v. Cortez Moreno*, 237 So. 3d 1127, 1136 (Fla. 3d DCA 2018). Thus, to plead a conspiracy, a plaintiff must plead "the underlying civil wrong occurring pursuant to the conspiracy and which results in the plaintiff's damages." *Id.* An alleged civil conspiracy does not give rise to an independent cause of action, "but is a vehicle for imputing the tortious acts of one coconspirator to another to establish joint and several liability." *Lorillard Tobacco Co. v. Alexander*, 123 So. 3d 67, 80 (Fla. 3d DCA 2013). Stated differently, a civil conspiracy plaintiff must plead facts that, if proven, would establish the underlying tort that is linked to the civil conspiracy claim. *Id.*; *see also Banco de los Trabajadores*, 237 So. 3d at 1136 (same).

Here, Plaintiff fails to plead that the alleged payment processing services or advertisement constitute a tort under Florida law, nor does he plead facts showing that the Moving Defendants participated in any of the other conduct alleged in the Amended Complaint. Plaintiff's civil conspiracy claim is based solely on the Moving Defendants' alleged ancillary participation in an alleged gambling scheme pursuant to

Chapter 849, Florida Statutes. But because Chapter 849 does not grant a private right of action, Plaintiff cannot use it as a basis to support his civil conspiracy claim.

*Second*, Plaintiff does not plead allegations showing the existence of any agreement between either of the Moving Defendants and the VGW Defendants. Plaintiff alleges only that "VGW and [the Moving Defendants] together in concert conspired to cause Plaintiff and the Class to utilize VGW's websites to commit illegal or unlawful acts of gambling and bookmaking as part of a scheme to deprive Plaintiff's and the Class's money." Am. Compl. ¶ 144. Plaintiff's conclusory allegations, however, fail to allege *facts* showing that the Moving Defendants entered into any such agreement with the VGW Defendants to engage in unlawful conduct. *Price*, 2021 WL 1610097, at *12 (dismissing conspiracy claim where plaintiff "failed to allege the existence of an agreement between Defendant and LoanCare to engage in unlawful conduct, or that they engaged in an overt act in pursuance of the conspiracy").

*Third*, Plaintiff's conclusory allegations fail to establish any overt act taken by the Moving Defendants. Plaintiff merely alleges that "[t]he acts of VGW and [the Moving Defendants were] done in concert to deprive Florida citizens, Plaintiff, and the Class of money through the promotion and advertising of VGW's gambling websites, and the process of collecting and distributing money done by [the Moving Defendants] constitute overt acts in furtherance of a civil conspiracy, which is actionable under Florida law." Am. Compl. ¶ 154. Plaintiff, however, does not allege *how* the Moving Defendants' alleged advertising or role as purported payment

processors for VGW constitutes an overt act in furtherance of a conspiracy. The advertisement Plaintiff refers to does not even concern FIS. *See id.* at Ex. B.

*Finally*, Plaintiff's conclusory allegations are insufficient to establish that the Moving Defendants' conduct caused Plaintiff's damages. Plaintiff merely pleads that, "[b]ecause of the civil conspiracy between VGW and [the Moving Defendants], Plaintiff and the Class have suffered damages." *Id.* ¶ 155. Plaintiff, however, does not and cannot allege that the Moving Defendants' alleged advertising or role as purported payment processors for VGW resulted in Plaintiff's claimed damages, or that FIS's alleged advertisement caused him to join VGW's websites and purchase virtual coins. Accordingly, Plaintiff fails to allege damages as a result of the Moving Defendants' acts, and thus Count IV should be dismissed.

## V.   Plaintiff's Putative Class Claims Should Be Dismissed.

The Court should dismiss Plaintiff's putative class action claims because Plaintiff expressly waived his right to bring a class action.[12] Each of the Terms confirm that Plaintiff waived his right to a class action: Plaintiff "EXPRESSLY AND UNCONDITIONALLY WAIVED" his purported right "TO PARTICIPATE IN ANY . . . CLASS . . . ARBITRATION OR LITIGATION; TO ARBITRATE  OR LITIGATE   ANY   DISPUTE   IN   A   REPRESENTATIVE   CAPACITY, INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS; . . . OR

---

[12] The Court's consideration of a class action waiver is appropriate at this juncture. *DeLuca v. Royal Caribbean Cruises, Ltd.*, 244 F. Supp. 3d 1342, 1345 (S.D. Fla. 2017) ("The enforceability of a procedural device, like a class action waiver, should be resolved at this stage of the litigation by way of a motion to dismiss.").

OTHERWISE TO SEEK TO RECOVER LOSSES OR DAMAGES (WHETHER FOR YOURSELF OR OTHERS) INCURRED BY A THIRD PARTY." ECF No. 61-1, Exhs. A, B, C § 23.7.

This waiver is enforceable in the civil litigation context, rather than simply the arbitration context, as Courts in the Eleventh Circuit have repeatedly held. *See, e.g.*, *Martins v. Flowers Foods, Inc.*, 463 F. Supp. 3d 1290, 1300-01 (M.D. Fla. 2020) (class action waiver enforceable outside the context of arbitration), *rev'd on other grounds*, 852 Fed. Appx. 519 (11th Cir. 2021); *Román*, 482 F. Supp. 3d at 1315 (dismissing class claims pursuant to class action waiver in airline's terms and conditions); *Figueredo-Chavez v. RCI Hospitality Holdings, Inc.*, No. 1:21-cv-21733-KMM, 2022 WL 457848, at *5 (S.D. Fla. Jan. 6, 2022) (enforcing class action waiver where the "plain language" evidenced parties' intent that waiver would apply in litigation, not just arbitration).

Because Plaintiff "EXPRESSLY AND UNCONDITIONALLY WAIVED" his purported right to bring a class action lawsuit in the Terms, the Court should dismiss the putative class claims against the Moving Defendants *with prejudice*.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court transfer the VGW Luckyland-related claims to the federal district court in Delaware and dismiss the VGW Malta and VGW GP-related claims on the ground of *forum non conveniens*. In the alternative, the Moving Defendants seek an Order dismissing the Amended Complaint with prejudice pursuant to Rules 9(b) and

12(b)(6), and/or granting such further relief to Moving Defendants, including its costs and expenses as allowed by law, equity, or contract, as may be deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for FIS and Worldpay, LLC certifies that he conferred with Plaintiff's counsel regarding the relief sought in this Motion via email on September 16, 2024. Plaintiff opposes the relief sought in this Motion.

Dated: September 19, 2024

By: */s/ Ian M. Ross*
IAN M. ROSS
iross@sidley.com
Fla. Bar No. 091214
KYLE TANZER
ktanzer@sidley.com
Fla. Bar No. 1028941
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Suite 900
Miami, Florida 33131
Telephone: (305) 391-5100

*Counsel for Defendants Fidelity National Information Services, Inc. & WorldPay, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 19, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

*/s/ Ian M. Ross*
IAN M. ROSS