UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC A. KNAPP,
On behalf of himself and all
Other Florida citizens similarly situated,

           Plaintiff,

v.                                  CASE NO. 6:24-cv-00413-CEM-DCI

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, WORLDPAY, LLC, a Delaware
Limited Liability Company, and
WORLDPAY, INC.,

           Defendants.
_____/

**WORLDPAY, INC.'S LIMITED APPEARANCE AND MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant WorldPay, Inc. appears for the limited purpose of seeking dismissal of Plaintiff Eric Knapp's Amended Complaint (ECF No. 58), pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5), because WorldPay, Inc. ceased to exist as a corporation in 2020. It also seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) because the Amended Complaint—which challenges transactions

in November 2023, years after Worldpay, Inc. ceased to exist—fails to state a claim against WorldPay, Inc.[1] In support thereof, WorldPay Inc. states as follows.

## INTRODUCTION

WorldPay, Inc. again seeks dismissal of Plaintiff's claims because WorldPay, Inc. no longer exists as a company and therefore cannot be sued.[2] Plaintiff previously acknowledged that WorldPay, Inc. would be substituted out of this action for the entity it merged into, WorldPay, LLC. ECF No. 50-1. But Plaintiff then improperly reversed course and sought to sue both WorldPay, Inc. and WorldPay, LLC, under the mistaken belief that he could pursue claims against WorldPay, Inc. for its pre-merger conduct. Plaintiff's faulty theory fails for two reasons.

First, as already briefed to the Court in WorldPay, Inc.'s first Motion to Dismiss, ECF No. 38, because WorldPay, Inc., a Delaware corporation, was merged out of existence in 2020, it cannot be served with process or sued. Nothing about Plaintiff's Amended Complaint changes this settled doctrine of Delaware law. WorldPay, Inc. has submitted uncontroverted evidence on this issue, ECF Nos. 38-1 and 50-1 at 11-13—evidence that Plaintiff at one point acknowledged in agreeing to a substitution—and it dictates dismissal here.

---

[1] WorldPay, Inc. also adopts all of Fidelity National Information Services, Inc.'s and WorldPay, LLC's arguments in their Joint Motion to Transfer and Dismiss (ECF No. 65), as the Amended Complaint fails to state a cause of action and should be dismissed *with prejudice* pursuant to the voluntary payment doctrine and the other grounds stated therein.

[2] A party may appear for the limited purpose of seeking a dismissal of a complaint improperly naming it as a defendant. *See, e.g.*, *Sevits v. McKiernan-Terry Corp. (N. J.)*, 264 F. Supp. 810, 811 (S.D.N.Y. 1966) (granting motion to dismiss non-existent defendants); *see also Fusilamp, LLC v. Littelfuse, Inc.*, No. 10-20528-CIV, 2010 WL 11504719, at *3 (S.D. Fla. Sept. 1, 2010) (granting "Defendant, Norberto Julio Chirkes's Limited Appearance and Motion to Dismiss Under Fed. R. Civ. P. 12(b)(4) & (5)").

Second, Plaintiff's sole basis for suing WorldPay, Inc. is his allegation that WorldPay, Inc. may be vicariously liable for transactions processed by the VGW Defendants[3] prior to its merger into WorldPay, LLC in 2020. But Plaintiff only alleges damages for transactions *in 2023*. Thus, even if Plaintiff could sue WorldPay, Inc.—which he cannot—he cannot state a claim against WorldPay, Inc. for purported conduct three years before Plaintiff even played any games on the VGW Defendants' websites. Accordingly, Plaintiff's claims should also be dismissed under Rule 12(b)(6).

## MEMORANDUM OF LAW

### I.  WorldPay, Inc. Should be Dismissed Because It Ceased to Exist in 2020.

#### A.  Legal Standard

WorldPay, Inc. moves to dismiss the Amended Complaint *with prejudice* pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5) because, as a corporation that ceases to exist, it does not have the capacity to be served with process or be sued. Fed. R. Civ. P. 17(b). Federal Rule of Civil Procedure 17 governs a party's capacity to be sued. Fed. R. Civ. P. 17(b). "Capacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2); *HR-Ease, Inc. v. EB Gateway, Inc.*, No. 8:15-CV-777-T-33EAJ, 2015 WL 13791721, at *4 (M.D. Fla. June 10, 2015) (applying Nebraska law for a Nebraska corporation). When considering dismissal under Rules 12(b)(2), (4) and (5), the Court

---

[3] The VGW Defendants are VGW Holdings Limited, VGW Malta Limited, VGW Luckyland Inc., and VGW GP Limited.

3

may consider extrinsic evidence outside the four corners of the complaint.[4] *See Amtrust N. Am., on behalf of Douglas Wainwright v. Sennebogen Maschinenfabrik Gmbh*, No. 3:19-CV-1004-J-34PDB, 2020 WL 5441407 (M.D. Fla. Aug. 25, 2020), *report and recommendation adopted sub nom. AmTrust N. Am. on behalf of Wainwright v. Sennebogen Maschinenafabrik GmbH*, No. 3:19-CV-1004-J-34PDB, 2020 WL 5423203 (M.D. Fla. Sept. 10, 2020) (a court may consider extrinsic evidence for jurisdictional motions); *Eran Fin. Servs., LLC v. Eran Indus. Ltd.*, No. 21-CIV-81386, 2022 WL 18705508, at *2 (S.D. Fla. Nov. 4, 2022) ("If the defendant includes affidavits or other evidence in support of the 12(b)(2) motion, the question of personal jurisdiction is resolved by reference to facts outside the four corners of the complaint."); *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018) (same for personal jurisdiction motions); *Holliday v. Syndicate 3000 at Lloyd's, Underwriters at, London*, No. 8:17-CV-2063-T-33AEP, 2018 WL 2214648, at *3 (M.D. Fla. May 15, 2018) (same for Rules 12(b)(2) and 12(b)(5)).

### B. It Is Undisputed that WorldPay, Inc., Was Merged Out of Existence in 2020 and, Accordingly, It Cannot Be Sued by Plaintiff.

Delaware law applies in determining whether WorldPay, Inc. can be served with process or be sued in this action. As Plaintiff alleges in the original Complaint, WorldPay, Inc. was a Delaware corporation. Compl. ¶ 2. Although Plaintiff omits that

---

[4] The Court may also take judicial notice of WorldPay, Inc.'s State of Delaware Certificate of Ownership and merger documents because they are publicly-filed corporate records. ECF No. 38-1 at 2; ECF No. 50-1 at 11-13; *Thomas v. Waste Pro USA, Inc.*, No. 8:17-CV-2254-T-36CPT, 2019 WL 3835255, at *2 (M.D. Fla. Aug. 15, 2019) ("the Court may take judicial notice of publicly filed corporate documents").

4

allegation in his Amended Complaint, it is an admission that can be considered here. *See City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (statements in filings can be party admissions); *Tucker v. Hous. Auth. Birmingham Dist.*, 507 F. Supp. 2d 1240, 1275 (N.D. Ala. 2006) (same); *Thomas*, 2019 WL 3835255, at *2 (judicial notice); *Kodra*, 903 F. Supp. 2d at 1327 n.5. Moreover, the undisputed evidence submitted shows WorldPay, Inc. was a Delaware entity. ECF Nos. 38-1 and 50-1 at 11-13. Accordingly, Delaware law applies here.

It is well-settled under Delaware law that the corporate existence of merging corporations ceases upon a merger, and the emerging corporation is the only entity with capacity to be served with process and be sued.[5] *See* Del. Code tit. 8, § 259; *Beals v. Washington Int'l, Inc.*, 386 A.2d 1156, 1161 (Del. Ch. 1978). Courts have repeatedly held that, after a merger, the prior corporation no longer exists and cannot be sued. *See Batty v. UCAR International Inc.*, 2019 WL 1489082, at *5 (Del. Ch. 2019) ("Having no ongoing separate or distinct legal existence, the constituent corporations to a merger cannot be sued after the merger has closed. Athena should therefore be removed as a defendant."); *Sevits*, 264 F. Supp. at 811 ("In view of the fact that [the old corporations] had ceased to exist [under Del. Code tit. 8, § 259,] they could not properly be served with process," and the court could not have "in personam jurisdiction over them. Fed. R. Civ. P. 12(b)(2).").

---

[5] The result would be the same under Florida law. Fla. Stat. § 607.1106(b) ("The separate existence of every domestic or foreign eligible entity that is a party to the merger, other than the survivor, *ceases*.") (emphasis added).

Here, WorldPay, Inc. merged "with and into" WorldPay, LLC on June 30, 2020. ECF No. 50-1 at 11-13. Because WorldPay, Inc. merged "with and into" WorldPay, LLC, WorldPay, Inc. was absorbed by the newly formed corporation. Del. Code tit. 8, § 259. WorldPay, Inc. therefore has ceased to exist as a corporation and, as a result, it cannot be served with process or be sued. *See Batty*, 2019 WL 1489082, at *5 (dismissing entity that had ceased to exist after merger); *A.F. by & Through Fogel v. Sorin Grp. USA, Inc.*, 346 F. Supp. 3d 534, 545 (S.D.N.Y. 2018) (dismissing corporate defendant from the action because it had ceased to exist under Delaware law following merger); *Beals*, 386 A.2d at 1161 (granting the defendant's motion to quash the service of process because it "cease[d] to exist on merger for all purposes, including service of process"). Moreover, because WorldPay, Inc. no longer exists, the Court also lacks personal jurisdiction. *Sevits*, 264 F. Supp. at 812 (court lacked personal jurisdiction over the non-existent corporation).

## II. Plaintiff Fails to State a Claim Against WorldPay, Inc.

### A. Legal Standard

WorldPay, Inc. also moves to dismiss the Amended Complaint *with prejudice* because Plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff must allege sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Because Plaintiff Does Not Allege that WorldPay, Inc. Is Liable for Any of His 2023 Transactions, Plaintiff Fails to State a Claim.

Plaintiff does not allege any tortious conduct relating to his use of the VGW Defendant websites, or any losses relating to that conduct, until November 2023. *See* Am. Compl. ¶ 12 (alleging that "[b]etween November 17, 2023, and November 29, 2023, Plaintiff registered" an account with VGW and "lost approximately $1,000"). This was years after Plaintiff concedes that WorldPay, Inc. ceased to exist. Thus, regardless of Plaintiff's (incorrect) allegations that WorldPay, Inc. provided payment processing services for the VGW Defendants *prior* to June 30, 2020, *id.* ¶¶ 2, 16, none of those purported services relates to any of ***Plaintiff's*** claims.[6] Accordingly, Plaintiff fails to state a claim against WorldPay, Inc. *Ashcroft*, 556 U.S. at 678.

### CONCLUSION

For the foregoing reasons, WorldPay, Inc. respectfully requests that the Court dismiss the Amended Complaint *with prejudice*, and grant such further relief to Worldpay, Inc., including its costs and expenses as allowed by law, equity, or contract, as may be deemed just and proper.

---

[6] Although Plaintiff previously argued that "some" other entity must "assume[] legal responsibility for WorldPay[, Inc.]'s obligations and liabilities" before Worldpay, Inc. can be dismissed, ECF No. 48 at 7, Plaintiff does not have standing or the ability to state a claim against WorldPay, Inc. for this earlier time period.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for Worldpay, Inc. certifies that he conferred with Plaintiff's counsel regarding the relief sought in this Motion via email on September 16, 2024. Plaintiff does not agree to any of the relief sought in this Motion.

Dated: September 19, 2024

By: */s/ Ian M. Ross*
IAN M. ROSS
iross@sidley.com
Fla. Bar No. 091214
KYLE TANZER
ktanzer@sidley.com
Fla. Bar No. 1028941
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Suite 900
Miami, Florida 33131
Telephone: (305) 391-5100

*Counsel for Defendant WorldPay, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 19, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

*/s/ Ian M. Ross*
IAN M. ROSS