UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO. 6:24-cv-00413

ERIC A. KNAPP,
On behalf of himself and all
Other Florida citizens similarly situated,

       Knapp,    **CLASS ACTION**

vs.

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, and WORLDPAY, INC., a Delaware
Corporation,

       Defendants.
_____/

**PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER, IN PART AND
OTHERWISE DISMISS THE AMENDED COMPLAINT AS TO
VGW GROUP DEFENDANTS**

**Preliminary Statement / Response**

Defendants VGW Holdings Limited ("VGW Holdings"), VGW Malta

Limited. ("VGW Malta"), VGW Luckyland Inc. ("VGW Luckyland") and VGW

GP Limited. ("VGW GP") filed a motion to transfer and dismiss part of the

Complaint as to all of them ("VGW Group").   Plaintiff ("Knapp") explains below

why the Court should reject all of VGW Group's arguments and requests.

**Argument In Response To VGW Group's Motion**

**Florida's Public Policy Against Illegal Gambling Compels Venue In Florida –
VGW Group's Websites Are Illegal Internet Online Gambling Websites**

VGW Group claims its games are not gambling and then it argues that this

issue is irrelevant to its motion.    Knapp submits that because the Court should

assess the public policy factors which support denial of VGW Group's motion it is

important to recognize that VGW Group intentionally operates illegal gambling

operations that flagrantly violate Florida law and its public policy.    Florida

defines illegal gambling as, "…any game at cards, keno, roulette, faro or other

game of chance, at any place by any device, for money or other thing of value… ."

Fla. Stat § 849.08. This includes slot machines that operate electronically through

the internet. Fla. Stat. §§ 849.15, 849.16.    The Complaint and Knapp's declaration

prove that VGW Group is operating illegal online gambling casinos that purposely

target Florida citizens. (Exhibit "C").    Even the names of the websites

("Luckyland Slots", "Chumba Casino" and "Global Poker") signify illegal

gambling. (Doc. 61-1, pp. 3, 5, 6, 9, 27, 47). Each term of service proffered by VGW Group contains a minimum of 22 clauses describing how "Prizes", actually cash and money, are to be paid and transferred to winning players' bank accounts for playing VGW Group's games of chance.    These clauses also purport to empower VGW Group to arbitrarily withhold payment and recoup money from Florida citizens that gamble on these sites. (Doc. 61-1, pp. 9-62.) (Exhibit "C" – Att. 1).    From the remote locations on the internet, VGW Group operates classic internet gambling similar to the previously prohibited internet cafés.    *See, Mathis v. Eslinger*, 2022 U.S. App. LEXIS 31251, 2022 WL 16849124 (11th Cir. 2022) (describing how Allied Veterans of the World and Affiliates ("AVW") gambling operations functioned), *Gator Coin II, Inc. v. Fla. Dept of Bus. & Prof. Regulation,* 254 So. 3d 1113 (Fla. 1st DCA 2018); *see also, Mathis v. State*, 208 So. 3d 158 (Fla. 5th DCA 2016); *Phone-Sweeps v. Seminole County,* No. 6:11-cv-155-Orl-28GJK, 2013 U.S. Dist. LEXIS 207697 (M.D. Fla. Aug. 6, 2013); Fla. Stat. §§ 849.08, 849.094, 849.15, 849.16.;    *See, 1994 Fla. AG LEXIS 26* ( "…a lottery may be identified by the presence of three elements: 1) a prize, 2) awarded by chance, 3) for consideration… ."); *Fla. Const. Art. X, § 7* (Lotteries prohibited in Florida).

VGW Group's request for the Court to impose class action waivers, forum selection clauses and choice of law provisions are not enforceable because VGW

Group's illegal gambling contracts are void. *Diverse Elements, Inc. v. Ecommeerce, Inc.*, 5 F. Supp. 3d 1378, 1381 ("…To establish a valid forum selection clause, a party must first establish there is a valid contract that contains a forum selection clause. …"); *See, Davis v. Oasis Legal. Fin. Operating Co., LLC*, 936 F.3d 6, 16 (11th Cir. 2019) (noting that contracts to do illegal or immoral things, such as illegal gambling are legally void and not subject to attempts to enforce forum selection clauses and class action waivers).

For nearly 70 years, Florida law has firmly established that "All" "promises", "agreements" and "contracts" involving illegal gambling are not only illegal; they are void, and Florida enacted this law as part of its police power for "…the protection of the public welfare, health, safety and morals of the people of the state. …" Fla. Stat. § 849.26. Under Florida law, illegal gambling agreements are void in all aspects and each and every term of an illegal gambling contract is a nullity and nonexistent. Fla. Stat. § 849.26*, Carnival Leisure Indus. v. Holzman,* 660 So. 2d 410 (Fla. 3rd DCA 1995); *Froug v. Carnival Leisure Indus.*, 627 So. 2d 538 (Fla. 3rd DCA 1993); *See, City of Riviera Beach v. Estate of Everard*, 627 So. 2d 1209 (Fla. 4th DCA 1993). Section 849.26 voids "all" promises and agreements within a gambling contract, including forum selection clauses, class action waivers, and choice of law provisions. *See, Titan Cruise Lines v. Elliott (In re Titan Cruise Lines)*, No. 05-00841, 353 B.R. 919, 2006 Bankr. LEXIS 2529, 2006 WL 2848592

(Bankr. M.D. Fla. 2006).    VGW Group and Knapp could not enter into "promises" "agreements" or "contracts" that can overturn or avoid Florida's police power and public policy and bring to life a void contract or any of its parts.    *See, FOGADE v. ENB Revocable Trust*, 263 F.3d 1274 (11th Cir. 2001) *citing Flight Equip. & Eng'g Corp. v. Shelton,* 103 So. 2d 615, 621 (Fla. 1958). *See also, Landcastle Acquisition Corp. v. Renassant Bank,*. 57 F.4th 1203, 1223-1224, 1238 (11th Cir. 2023) (both the majority and dissent affirming and warning that (a) illegal gambling contracts are void, and (b) void contracts have "no legal effect", "nonexistent" "legal nullity"); *Griffin v. Coca-Cola Refreshments USA, Inc.,* 989 F.3d 923, 924 (11th Cir. 2021); *Davis v. Oasis Legal Fina. Operating Co., LLC*, *supra*; *Perakis v. Perakis,* No. 6:22-cv-680-DCI, 2023 U.S. Dist. LEXIS 90854 (M.D. Fla., Mar. 30, 2023).    The Court should accept the decisions of the Florida courts that all parts of illegal gambling contracts are void and against public policy. *See, Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119 (11th Cir. 2010).

**Knapp Properly Opted Out Of Clauses ( Class Action Waiver, Forum Selection and Choice of Law)**

The Complaint in this case shows that in 6 emails Knapp properly opted out of the clauses that VGW Group asks the Court to enforce. (Doc. 1-2, Exhibit A, pp. 62-68).   In its motion VGW Group cites to "a clear and conspicuous warning at the very top" contained in all three VGW Group terms and conditions. (Doc. 61, p. 6). This warning or condition offered Knapp the opportunity to opt out of the arbitration

4

provision, the class action waiver, and Clause 23 of each of VGW Group's terms if Knapp submitted an opt out email within the "specified time frame".   That is what Knapp did.

VGW Group's conspicuous warning states "See Clause 23 For More Information".   This is not a declaration or warning to Knapp that Clause 23 takes precedence, overrules or contradicts the warning or condition.   Clause 23 simply outlines the procedure and time frame for how a Florida citizen can opt out by email of both the class action waiver and arbitration.   Clause 23 does not limit a Florida citizen to opting out of just the arbitration provision.     Further, at Clause 23.7 of the terms, VGW Group states that there is a class action waiver only "…to the maximum extent permitted by applicable law…".   Likewise, VGW Group's terms state that if clauses "23.5, 23.6, or 23.7" are found to be "less than fully enforceable", then all of Clause 23 "may be deemed void".   This language does not lessen the force and effect of the conspicuous warning in bold and all caps at the beginning of the terms, it establishes that all of Clause 23, including the class action waiver is subject to the right to opt out that Knapp exercised in this case.   *Allstate Ins. Co. v. Orthopedic Specialists,* 212 So. 3d 973, 978 (Fla. 2017).   At most, Clause 23.7 creates an ambiguity between it and the significant warning at the forefront of the terms of service where VGW Group specifically states that Knapp can opt out of both arbitration and a class action waiver.   Any such ambiguity

requires that Clause 23 be strongly construed against the party or parties that drafted the contract terms, which in this case are VGW Luckyland, VGW Malta, VGW GP, and VGW Holdings, which controls all of them.   *Hurt v. Leatherby Ins. Co.*, 380 So. 2d 432, 433-34 (Fla. 1980); *Nuvasive, Inc. v. Absolute Med.,* No. 6:17-cv-2206-Orl-41GJK, 2021 U.S. Dist. LEXIS 136873 (M.D. Fla. May 4, 2021); *Int'l Speedway Corp. v. Suntrust Bank*, No. 6:19-cv-1544-Orl-41LRH, 2020 U.S. Dist. LEXIS 255414 (M.D. Fla. Oct. 30, 2020).

Additionally, Florida law, which is the "applicable law" referenced in Clause 23.7, prohibits imposition of a class action waiver in this case.   It is against Florida's public policy for VGW Group to impose a class action waiver for claims filed in Count II of the Complaint, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) or Count III, the Civil Remedies for Criminal Practices Act (CRCPA). *Davis v. Oasis Legal Fin. Operating Co., LLC*, 936 F.3d 1174 (11th Cir. 2019);   Fla. Stat. § 501.202*; First Pacific. Corp. v. Sociedade de Empreendimentos e Construcoes, Ltda.*, 566 So. 2d 3, 4 (Fla. 3d DCA 1990) (forum selection clause invalid);   *McKenzie Check Advance of Fla., LLC v. Betts,* 112 So. 3d 1176, 1183 (Fla. 2013) (a contractual provision that defeats the purpose of a remedial statute violates public policy and is thus unenforceable - holding FDUTPA and CRCPA are remedial statutes and class waiver are void, however, preempted by the Federal Arbitration Act (FAA) ).   Under the express language of the VGW Group terms,

applicable Florida law controls and Florida's public policy prohibits a class action waiver in this case because VGW Group's terms are an integral part of an illegal gambling contract.   Further, Knapp properly opted out of arbitration and therefore the FAA is inapplicable and does not preempt Florida law regarding a class action waiver.   Since Clause 23.7 is unenforceable, then by extension all of Clause 23 is unenforceable.

Knapp submits that by opting out of the terms of Clause 23 he is not bound by each forum selection clause as he likewise opted out of these. (Clause 24.17, Doc. 61-1, pp. 25, 45, 62).   Each forum selection clause states that it is "Subject to clause 23".   By having opted out of Clause 23 for each website, Knapp thereby opted out of all forum selection clauses, particularly since this class action waiver is unenforceable under Florida law.   *Allstate Ins. Co., supra.*   Because Knapp properly opted out of the class action waivers and forum selection clauses, there is no further issue of where this case should be tried.   VGW Group is properly subject to Florida's jurisdiction under its long arm statute and the Fourteenth Amendment Due Process Clause.   VGW Group is subject to Florida's long arm jurisdiction because it has been committing tortious acts of illegal gambling through purposely targeting Florida citizens by sending electronic communications into Florida via the VGW Group gambling websites.   *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008); *Internet Solutions Corp. v. Marshall,* 611 F.3d 1368 (11th Cir.

2010); *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201 (Fla. 2010); *Execu-Tech Bus. Sys. v. New Oji Paper Co.,* 752 So. 2d 582 (Fla. 2000); *Stay Fresh Vape Co., Inc. v. Vape Storm Labs LLC*, No. 6:19-cv-00371-CEM-LRH, 2020 U.S. Dist. LEXIS 257524, at \*10 (M.D. Fla., Mar. 16, 2020*); see also, Wilson v. PTT, LLC,* 351 F.Supp.3d 1325 (W.D. Wash. 2018).

**Forum Selection Clause – Choice of Law Provision - Standard Applied By Court – Reasons Why It Should Not Be Enforced**

The Court has previously announced the standards it applies in evaluating motions to transfer pursuant to 28 U.S.C. 1404(a) and to dismiss claims pursuant to the doctrine of *forum non conveniens*.   *Rosemont Hotels, Inc. v. Barton Malow Co.,* No. 6:23-cv-1073-CEM-RMN, 2024 U.S. Dist. LEXIS 21515, at \*5 (M.D. Fla. Jan 9, 2024); *United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.,* No. 6:20-CV- 2360-CEM-GJK, 2022 U.S. Dist. LEXIS 100949, \*5 (M.D. Fla. Mar. 25, 2022).   This includes acceptance of the allegations in the complaint as being true. *Stay Fresh Vape, supra* at \*7.   As will be addressed below, Knapp submits that the claims in this case do not qualify for transfer nor dismissal.

The Court will invalidate a forum selection clause when a plaintiff opposing the clause can establish just one of the following: (1) the formation of the clause was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the

plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *United States & Hamilton Roofing, supra*, at *4-5; *Aviation One of Fla., Inc. v. Clyde & Co.,* LLP, No. 6:13-cv-1243-Orl-41DAB, 2016 U.S. Dist. LEXIS 114657, at *7 (M.D. Fla. Aug. 26, 2016).   Knapp contends that the facts support denial of VGW Group's motion on all 4 criteria.   First, as alleged in the Complaint, VGW Group fraudulently claimed that it was operating legally within Florida and Delaware, thereby misleading Knapp and Florida citizens to believe that Delaware law and Florida law would be similar and both would compel enforcement of the terms of the contract.   This was an intentional false representation, or fraud in the factum. Second, as will be further addressed below, Knapp and other Florida citizens will actually be deprived of their day in court if they are required to submit to Delaware and Malta law or their forums because these will be used to completely thwart Florida law.   Third, Delaware law and Malta law will deprive Knapp and other Florida citizens of a remedy granted them by Florida law.   Fourth, this would contravene the strong public policy that Florida has developed to protect its citizens from illegal gambling operations.

### (1) Forum Selection Clause and Choice of Law Provision - Fraud In The Factum - Void - Overreaching

The terms and conditions submitted by VGW Group falsely state that VGW Group does not offer real money gambling and that VGW Group operates legally in Florida and Delaware. (Doc. 61-1, pp. 9, 11, 27, 29, 47, 49).   These false

representations of essential terms constitute fraud in the "factum" that render the contract void under both Florida and Delaware law.   *PHL Variable Ins. Co. v Price Dawe 2006 Ins. Trust,* 28 A. 3d 1059, 1067 (Del. 2011) (Fraud in the "factum" includes a misrepresentation concerning the very character of the proposed contract); *Cancanon v. Smith Barney, Harris, Upham & Co.,* 805 F.2d 998, 1000 (11th Cir. 1986) (misrepresentation of the character or essential terms of a proposed contract creates no contract); *See, Landcastle Acquisition, supra,* at 1222. (Fraud in the factum occurs "…when a party signs a document without full knowledge of the character or essential terms of the instrument…"); *Browning v. Fla. Hometown Democracy, Inc.,* 29 So. 3d 1053, ftn. 4 (Fla. 2010).   Also, contrary to VGW Group's claims, "…Under Delaware common law, wagering or gambling contracts offend public policy, harm the public, and are deemed "…void as opposed to voidable. …".   Delaware has a "…clear public policy against wagering…" and "…The Delaware Constitution prohibits all forms of gambling unless it falls within one of the enumerated exceptions. …" *Price Dawe, supra* at 1070;   *Del. Const. § 17*; 11 *Del. C. § 1411, 1432; 1471.*   Because these illegal gambling contracts are *void ab initio* under Delaware law, as with Florida, the forum selection clause and choice of law provision are likewise void.   Since VGW Malta and VGW GP state that "in the United States" Delaware law shall apply then both VGW Malta's and VGW GP's choice of law provisions and forum selection clauses are likewise void.

The forum selection clauses and choice of law provisions are the product of one-sided overreaching by VGW Group.   The table attached to Knapp's declaration shows how VGW Group has drafted a one-sided contract that is overreaching and illusory, including each integral forum selection clause and choice of law provision. (Exhibit "C", Att. 2 – listing 60 provisions where VGW Group has boundless, one-sided, arbitrary discretion to change or revoke performance).   Since these clauses are integral to these illegal gambling contracts, they are not severable.

### (2) – (4) Choice of Law Provision and Forum Selection Clause Will Deprive Knapp Of His Day In Court and Contravene Florida Public Policy

There is no doubt, however, that Florida citizens can recover their illegal gambling losses through FDUTPA and CRCPA claims.   If VGW Group's forum selection clauses and choice of law provisions are enforced the remedies afforded Knapp and other Florida citizens under the FDUTPA or CRCPA claims will be eliminated.   VGW Group argues that Delaware has a Deceptive Trade Practices Act (*6 Del. C. § 2532)* and that the Delaware courts recognize claims for civil conspiracy.   However, Delaware's Deceptive Trade Practices Act, *6 Del. C. § 2532,* does not recognize illegal gambling as a deceptive trade practice, unlike FDUTPA, Fla. Stat § 849.094, which specifically states that illegal gambling is an unfair and deceptive trade practice under Florida law.   *See also,* Fla. Stat § 849.035(6)*.* Delaware may allow for a form of civil remedy for criminal practices, which includes illegal gambling. *11 Del. C. § 1505(c).* However, that statute has been

11

interpreted to first require a criminal conviction before a private action can be filed

to obtain recovery.   *State v. Da Zhong Wang*, ___ A.3d ___, 2020 Del. Super.

LEXIS 166 (Del. Super. Ct. Apr. 15, 2020), and it has been interpreted to limit

recovery of only 1 year worth of losses. This significantly conflicts with the

remedies afforded under CRCPA claims, which don't require a criminal conviction

and permit recovery of gambling losses for at least 4 years.   Further, VGW Group

has attempted to include a private 30-day statute of limitations in its terms,

specifically prohibited by Florida law. (Doc. 61-1, pp. 13, 32, 51, para. 6.6);

*Kennedy v. Home Performance All., Inc.* No. 8:22-cv-2646-VMC- CPT, 2023 U.S.

Dist. LEXIS 19756 at *12-13 (M. D. Fla. February 6, 2023).   For these reasons,

Florida's laws and public policy should not be subservient to the Delaware choice of

law provisions or choice of forum.

### Forum Selection Clause Is Integral To The Void Illegal Gambling Contract – Not Severable And Therefore Not Enforceable By VGW Group In Delaware Or Malta

An additional reason exists for the Court to deny transfer of the case to

Delaware or to require that claims be submitted to Malta.   In February 2023 the

Delaware Gaming Enforcement Agency issued a cease-and-desist letter to VGW

Luckyland for operating an illegal gambling site. (Exhibit "D").   VGW Luckyland

should not be allowed to compel a transfer and defense of this case to Delaware

where it is operating in violation of Delaware law, as specifically stated by the

Delaware Gaming Enforcement Agency. *29 Del. C. § 4803, 4803(l); 4815; 4823,*

4826; 4826(b); 4827(d); 4830(a); 4836(d)(e); 8236. This should also apply to VGW

Malta and VGW GP, especially since their counsel claim that VGW Malta and

VGW GP must apply Delaware law.   Under Delaware law, all 3 websites are

operating illegally with unclean hands and Delaware law should not support their

existence or attempts to whitewash their illegal gambling operations, particularly

since Knapp is seeking injunctive relief.   *See, Larweth v. Magellan Health,* No.:

6:18-cv-823- Orl-41DCI, 2019 U.S. Dist. LEXIS 237193 (M.D. Fla., July 16, 2019).

A forum selection clause and arbitration clause that are integral to a void

contract, or where the forum will not or cannot accept jurisdiction is a clause that is

not severable from an illegal contract.   *See, Parm v. National Bank of California,*

835 F.3d 1331 (11th Cir. 2016); *Parnell v. Western Sky Fin., LLC,* 664 Fed. Appx.

841 (11th Cir. 2016); *Flagg v. First Premier Bank,* 644 Fed. Appx. 893 (11th Cir.

2016); *Inetianbor v. CashCall, Inc.,* 768 F.3d 1346 (11th Cir. 2014), *cert denied,*

575 U.S. 950 (2015).   As stated above, Delaware does not permit this illegal

gambling by VGW Group, so any such contract is void under Delaware law.   Like

Florida, under Delaware law, even if a Florida citizen voluntarily participated in the

gambling agreement, that is no defense because estoppel cannot be used to

resuscitate a void contract or act.   *Waggoner v. Laster,* 581 A.2d 1127, 1137 (Del.

1990); *see also. Price Dawe, supra*; *Estate of Berland v. Lavastone Capital LLC,*

No. 1:18-cv-02002-SB (D. Del., Sept. 28, 2022).

**Choice of Forum and Forum Non Conveniens – Malta – Illogical and Unnecessary – Further Deprives Knapp and Others Of Day In Court**

Knapp submits that VGW Malta's and VGW GP's requests for dismissal due to forum non conveniens should be denied because Knapp properly opted out of Clause 23 as to VGW Malta and VGW GP.   Clause 24.17 in the VGW Malta and VGW GP terms purport to give the Malta courts jurisdiction, "Subject to Clause 23". (Doc. 61-1, pp. 45, 62).   As argued above, since Knapp opted out of Clause 23, and therefore the Malta Courts have no jurisdiction.

More importantly, however, if the claims against VGW Malta and VGW GP are dismissed so that venue and jurisdiction are vested solely in Malta, Knapp and other Florida citizens' rights will be completely eliminated.   VGW Group argues as if transfer of the claims to Malta will only be a geographical change and that the Malta courts must apply Delaware law.   However, the VGW Malta and VGW GP terms state at Clause 24.14, "…our entire relationship will be governed, and interpreted in accordance with the laws of the State of Delaware *in the United States* …" (Doc. 61-1, pp. 44-45, 62) (emphasis added).   Clause 24.14 is VGW Malta's and VGW GP's attempt to mislead Florida citizens and this Court.   Clause 24.14's language is limited to disputes that are being considered within the boundaries of the United States.   Otherwise, Clause 24.14 would not have added the phrase "in the United States" at the end of the clause.   It would simply have ended with, "…in accordance with the laws of the state of Delaware. …".   This clause is VGW

14

Malta's and VGW GP's attempt to mislead and defraud Florida citizens into believing that Delaware law will be applied outside the boundaries of the United States.   VGW Group's sole customer base consists of U.S. and Canadian citizens. (Doc. 61-1, pp. 27, 47) There was no logical reason to add the phrase "in the United States" except that VGW Malta and VGW GP were trying to deceive U.S. and Canadian citizens into believing that they would be protected by U.S. law in Malta. Clause 24.17's wording that disputes are "exclusively" resolved in Malta courts was crafted so that VGW Malta and VGW GP can later ask the Malta Courts to disregard United States and Delaware law.   As a sovereign state, Malta is not obligated to apply United States law and certainly not obligated to follow Florida law and its public policy regarding illegal gambling.   Despite VGW Group's counsel's representations to this Court that they believe Delaware law must be applied in Malta, they submit no Malta law supporting their representations.   Further, their representations to this Court are meaningless since there is no evidence that Malta recognizes the American concept of judicial estoppel.   *Slater v. U.S. Steel Corp.,* 871 F.3d 1174, 1180, n. 4 (11th Cir. 2017); *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061 (Fla. 2001); *Sandaler v. Wells Fargo Bank, N.A.,* No.: 6:16-cv-1919-Orl-41GJK, 2017 U.S. Dist. LEXIS 187865 (M.D. Fla. Nov. 14, 2017).

Notwithstanding the cryptic declaration of a Malta attorney, there is no evidence that Malta will hold VGW Malta or VGW GP or its counsel to the

representations they have made to the Court.   Indeed, if this case is dismissed and Knapp is required to proceed in Malta then VGW Malta and VGW GP will be free to ask a Malta court to apply Malta law and ignore United States law, a classic mockery of the American judicial system and Florida's law and public policy.

**Forum Non Conveniens Analysis – VGW Malta and VGW GP**

If the Court should determine that the forum selection clause is valid, then the next step is for the Court to analyze the 9 factors specified in *Manuel v. Convergys Corp.,* 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005).   These are (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Id.*   As the Court noted in *Rosemont Hotels, Inc. v. Barton Malow Co., supra* at *7-8, these are modified to substitute the public interest in place of a plaintiff's choice of forum and an analysis of the effect on Florida's public-interest considerations.   Florida recognizes that under the forum non conveniens analysis, a foreign defendant has a high burden to show that forum in a foreign country is appropriate. *Cortez v. Palace*

*Resorts, Inc.* 123 So. 3d 1085 (Fla. 2013); *See*, *Reiber v. Yamasaki*, Case No.

5D23-2000, 2024 Fla. App. LEXIS 2058 (Fla. 5th DCA, Mar. 15, 2024).

These 9 factors weigh in favor of this case remaining in Florida and that it be

remanded to state court.    First, This is the most convenient forum and not an

unfair burden for VGW Group to litigate claims since it has actively targeted the

Florida market or at least 100 Florida citizens, many of whom may be witnesses.

Likewise, VGW Group has intimately worked with its primary co-defendant,

Fidelity National Information Services ("FIS") which is headquartered in Florida.

Second, the authenticating witnesses and documentary evidence of the gambling

losses incurred in Florida should be at FIS Florida headquarters.    Third, Florida is

the most convenient location for adjudication of this case since it was certainly

convenient for VGW Group to actively target its gambling sites toward more than

100 Florida citizens and obtain revenue in excess of $5,000,000, thereby satisfying

criteria (3).    Fourth, Florida is the locus of operative facts since all acts of

gambling took place here and FIS, headquartered in Jacksonville, Florida, processed

all the gambling losses, thereby satisfying criteria (4).    This case consists of

determining if this is illegal gambling and what losses exist.    All that evidence is

located in Florida.    Fifth, since virtually all witnesses who could establish gambling

losses are Florida citizens process in Florida would be the best method to compel

unwilling witnesses, satisfying criteria (5), especially since it would not be possible

to compel Florida witnesses to appear in Delaware, and certainly not Malta.   Sixth,

the relative means of the parties clearly support the need to maintain the forum in

Florida under criteria (6).   VGW Group's admission that Florida citizens have lost

over $5,000,000 to VGW Group creates a greater burden on them to have to pay to

travel 5,000 miles to Malta, whereas VGW Group has over $5,000,000 to afford it to

defend against this case in Florida.   Seventh, and eighth, the criteria (7) and (8), as

modified, weigh in favor of Florida as the forum.   Florida is most familiar with the

governing law prohibiting illegal gambling within Florida, and Florida has

consistently maintained a strong public policy and police power for enforcement of

its FDUTPA and CRCPA claims.   Finally, under criteria (9) the totality of the

circumstances overwhelmingly supports maintaining Florida as the forum.   By

VGW Group's own admission at least 100 Florida citizens are implicated and over

$5,000,000 has been taken from them.   It would be unreasonable and unfair for

VGW Group to repeatedly target and entice Florida citizens with illegal gambling

and then seek to avoid the very laws that VGW Group fraudulently claims it has

complied with, especially since the VGW Group terms and conditions and

marketing are solely confined to the U.S. and Canada (Doc. 61-1, pp. 27, 47).

**VGW Holdings – The Primary Defendant - Owns and Operates Defendants
And VGW Holdings Has No Basis For Requesting Alternate Forum**

Although VGW Group continues to try and claim that VGW Holdings has

no ownership or operational control over its subsidiaries, it now claims VGW

18

holdings is protected by the forum selection clause, the choice of law provision, and class waiver, as one of the "related parties" (Doc 61, pp. 18-20).   VGW Holdings is not a derivative defendant, it's the primary defendant operating through its subsidiary companies. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.,* 162 F.3d 1290, 1320 (11th Cir. 1998); *In re Managed Care Litig.,* 298 F.Supp. 1259 (S.D. Fla. 2003); *Action Nissan v. Hyundai Motor Am.,* No. 6:18-cv-380-Orl-41TBS, 2019 U.S. Dist. LEXIS 237712 (M.D. Fla. Aug. 2, 2019); *See, Venerus v. Avis Budget Car Rental*, No. 6:13-cv-921-ORL-41GJK, 2016 U.S. Dist. LEXIS 203553 (M.D. Fla. Mar. 29, 2016) (Allowing CRCPA / RICO claim against parent company as independent participant).   VGW Holdings' financial statements and its own admissions and advertisements prove that it owns and operates all of VGW Group.   (Exhibit "A" (VGW Holdings' 2023 financial statements, including pp. 30, 34 ).   (Exhibit "B" - At the bottom of its website VGW Holdings states "…VGW website is owned and operated by VGW Holdings Limited. …". and directly links to the VGW Group websites.). VGW Holdings' documents establish that it created, owns, and operates VGW Malta, VGW GP, and VGW Luckyland, which are clearly for the wrongful purpose of illegal internet gambling.   In order to claim the alleged protections of the forum selection clause, choice of law provision, or class waiver VGW Holdings must admit it is a proper party to this litigation. *See, Usme Cmi Leisure Mgmt., Inc.* 106 F.4th 1079 (11th Cir.

19

2024); *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1299 (11th Cir. 1998).

**VGW Group's Motion To Dismiss Count I of the Complaint**

VGW Group challenges whether a Florida citizen can recover gambling losses under Chapter 849.   Knapp has previously addressed this argument in the Motion To Remand, and those arguments are incorporated here. (Doc. 18, pp. 16-19).

**Conclusion**

Based on the above, Knapp requests the Court deny VGW Group's motion.

Respectfully submitted,

**/s/ Dennis Wells**

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel:    (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Plaintiff
ERIC A. KNAPP

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of September 2024, I served by email and I electronically filed the foregoing with the Clerk of the Court by using the CMECF system which will serve a copy of the foregoing by e-mail to Defendants' counsel: T. Todd Pittenger at todd.pittenger@gray-robinson.com, Kelly J. H. Garcia at kelly.garcia@gray-robinson.com, Gregory D. Beaman (pro hac vice) at gbeaman@orrick.com, and Behnam Dayanim (pro hac vice), at Bdayanim@orrick.com and counsel for the other Defendants, Ian M. Ross at iross@sidley.com.

<u>/s/ **Dennis Wells**</u>
Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel:     (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Knapp
ERIC A. KNAPP