UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO. 6:24-cv-00413

ERIC A. KNAPP,
On behalf of himself and all
Other Florida citizens similarly situated,

|  |  |  |
|---|---|---|
|  | Knapp, | **CLASS ACTION** |

vs.

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, and WORLDPAY, INC., a Delaware
Corporation,

Defendants.

_____/

**RESPONSE TO MOTION TO DISMISS
FILED BY FIDELITY NATIONAL INFORMATION SERVICES, INC.
AND WORLDPAY, LLC AND MEMORANDUM OF LAW**

Plaintiff, ERIC A. KNAPP (hereafter "Knapp") responds to the Motion To

Dismiss The Amended Complaint filed by Defendant FIDELITY NATIONAL

INFORMATION SERVICES, INC. and WORLDPAY, LLC (hereafter "FIS").

(Doc. 65).

**Preliminary Statement / Response**

1.      FIS claims it is a bystander and has nothing to do with the operations of

the illegal gambling websites that have been sued in this case.   Although claiming

that it has not been a payment processor for the VGW Group Defendants (hereafter "VGW"), this is clearly disproven by FIS'S own publications.

2.     FIS then claims that because Knapp alleges that FIS is the payment processor for VGW then FIS is entitled to adopt and assert VGW's arguments for forum selection clauses, choice of law provisions, and class action waivers on the same basis as VGW.

3.     Alternatively, FIS claims that the common law affirmative defense of the voluntary payment doctrine immunizes it from suit in this case.   The voluntary payment defense or doctrine is not appropriate for consideration at this stage of the pleadings or proceedings.   Further, the voluntary payment doctrine does not apply to the claims filed by Knapp in this case because these claims are based on Florida statutes and because Fla. Stat. §§ 725.04 and 849.26 render the voluntary payment doctrine inapplicable in this case .   As Knapp has alleged in the Amended Complaint, the VGW Defendants wrongly and falsely misrepresented that they were operating legally as a sweepstakes in the State of Florida.

4.     FIS claims that Knapp has not sufficiently pled justiciable causes of action.   Knapp submits that he has properly and fairly apprised FIS of the claims and therefore FIS's Motion To Dismiss The Amended Complaint should be denied. Knapp has properly sued all defendants for violations of Chapter 849 (Count I), *per se* violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")

2

based on Fla. Stat. § 849.094, *per se* violations of Fla. Stat. § 772.104, Florida's

Civil Remedies for Criminal Practices Act ("CRCPA") (Count III), for misleading

advertising in violation of Fla. Stat. § 817.41 and the CRCPA (Count V), and Civil

Conspiracy (Count IV).

## MEMORANDUM OF LAW

**Standard Regarding Motion To Dismiss**

The standard that the courts apply to evaluate a motion to dismiss are

summarized as follows:

> …We review *de novo* the district court's dismissal [*8]  of
> Plaintiff's complaint for failure to state a claim under
> Federal Rule 12(b)(6), accepting the facts asserted in the complaint as
> true and applying the same standard as the district court to determine
> whether those facts are sufficient to survive dismissal. *See Jacob v.
> Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). The
> federal rules require that a complaint contain "a short and plain
> statement of the claim" asserted by the plaintiff. Fed. R. Civ. P. 8(a)(2).
> In addition to containing well-pleaded factual allegations, a complaint
> must also meet the "plausibility standard" set forth by the Supreme
> Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.
> Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662,
> 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Under that standard, the
> complaint "must contain sufficient factual matter, accepted as true, to
> state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at
> 678 (citation and quotation marks omitted). That is, the complaint must
> include facts that permit a "reasonable inference that the defendant is
> liable for the misconduct alleged." *Id.* …

*Trimble v. Fort Valley State Univ.*, No. 22-13278, 2024 U.S. App. LEXIS 7063 at
*7-8 (11th Cir. Mar. 26, 2024)

Knapp submits that the Amended Complaint filed in this case satisfies this standard.   Except for Count V (Civil Conspiracy), Knapp has alleged that FIS, in concert with the VGW, has violated several Florida statutes.   Knapp has sufficiently pled that FIS violated these statutes, and FIS is liable for having violated these statutes since FIS is the payment processor for VGW.

**FIS Is A Proper Party To This Lawsuit Because It Is A "Backer", "Vendor" Or "Otherwise" Who Promoted VGW's Illegal Gambling**

FIS first attempts to argue that it is not the payment processor for VGW, then FIS asserts that it is a third-party beneficiary or related party to the VGW illegal gambling contracts.   FIS is subject to suit in this case because it is actually part of the illegal gambling transactions for which Florida statutory claims are authorized. FIS has been sued in this case because it is a "… 'backer' 'vendor' or 'otherwise' that has an interest in the gambling transactions of VGW, as defined in Section 849.29 of the Florida statutes. ..." (Doc. 58, p. 6)   This description of FIS's relationship with VGW is further outlined in FIS's own words in Exhibit "B" to the Amended Complaint. (Doc. 58, p. 83-84).   Section 849.29 of the Florida Statutes states that a "backer", "vendor" or "otherwise" who "promotes" a gambling transaction is "jointly and severally liable" and just as subject to being sued for illegal gambling transactions as the gambling operator, VGW.   In determining whether Fla. Stat. § 849.29 subjects FIS to suit in this case, the Court should look to

the language of the statute itself. *Fed. Election Com'n v. Reform Party of U.S.*, 479

F.3d 1302, 1308 (11th Cir. 2007); *Schoeff v. R.J. Reynolds Tobacco Co..,* 232 So. 3d

294, 301 (Fla. 2017).   Where the statutory language has a plain and unambiguous

meaning the Court should accept the plain meaning of the actual language of the

statute.   *Fox v. Ritz-Carlton Hotel Co., LLC,* No. 17-CV-24284-COOKE, 2022

U.S. Dist. LEXIS 144468, at *32 (S.D. Fla. Aug. 11, 2022).   The language of Fla.

Stat. § 849.29 makes it clear that FIS is subject to suit just the same as VGW.

All claims against FIS in this case are based on the statutory violations related

to illegal gambling.   The Florida legislature has made it clear that Florida citizens

can recover their illegal gambling losses through FDUTPA for violation of Fla. Stat

§ 849.094 and through the CRCPA for violations of Fla. Stat §§ 849.09, 849.14,

849.15, 849.23 or 849.25.   Since Knapp has alleged that VGW and its payment

processor, FIS, have violated these statutes, Knapp has properly alleged *per se*

violations of FDUTPA (Count II) and the CRCPA (Counts III and V).

## I.   Response To FIS'S Arguments For Transfer of Venue And Forum Non Conveniens

**FIS and VGW Jointly Participated in Illegal Gambling Operations and All Arguments Made Regarding VGW's Request to Invoke Forum Selection Clauses, Choice of Law Provisions, and Class Action Waivers Apply and Control Regarding FIS**

Although FIS attempts to briefly argue that it did not participate in VGW's

illegal gambling operations, FIS then attempts to pivot and argue that VGW's

websites are not illegal gambling operations.    FIS then claims it doesn't matter whether the VGW websites are illegal gambling operations, and that the forum selection clauses, choice of law provisions, and class action waivers contained in those illegal gambling contracts should be enforced. This argument was addressed in Knapp's response to VGW's latest motion to transfer venue and dismiss based on *forum non conveniens* and Knapp's arguments in that response are incorporated and apply here. (Doc. 67).    Without admitting that it is a party to the illegal gambling contract, FIS also attempts to adopt VGW's arguments for transfer of the claims against VGW Luckyland to Delaware, and dismissal for *forum non conveniens* for VGW Malta and VGW GP.    Therefore, Knapp incorporates and refers the Court to the arguments it submitted in response to VGW's motion for transfer and dismissal (Doc. 67).

Chapter 849 of the Florida Statutes clearly establishes Florida's public policy mandating that all parts of illegal gambling contracts, including forum selection clauses, choice of law provisions, and class action waivers, are void and have no legal force or effect.    Fla. Stat § 849.08; Fla. Stat. §§ 849.15, 849.16. (slot machines that operate electronically through the internet prohibited); *See, Mathis v. Eslinger*, 2022 U.S. App. LEXIS 31251, 2022 WL 16849124 (11th Cir. 2022) (describing how Allied Veterans of the World and Affiliates ("AVW") gambling operations functioned), *Gator Coin II, Inc. v. Fla. Dept of Bus. & Prof. Regulation,*

254 So. 3d 1113 (Fla. 1st DCA 2018); *see also, Mathis v. State*, 208 So. 3d 158

(Fla. 5th DCA 2016); *Phone-Sweeps v. Seminole County,* No.

6:11-cv-155-Orl-28GJK, 2013 U.S. Dist. LEXIS 207697 (M.D. Fla. Aug. 6, 2013);

Fla. Stat. §§ 849.08, 849.094, 849.15, 849.16.; *Carnival Leisure Indus. v.*

*Holzman,* 660 So. 2d 410 (Fla. 3rd DCA 1995); *Froug v. Carnival Leisure Indus.*,

627 So. 2d 538 (Fla. 3rd DCA 1993); *See, City of Riviera Beach v. Estate of*

*Everard*, 627 So. 2d 1209 (Fla. 4th DCA 1993); *See, 1994 Fla. AG LEXIS 26* (

"…a lottery may be identified by the presence of three elements: 1) a prize, 2)

awarded by chance, 3) for consideration… ."); *Fla. Const. Art. X, § 7* (Lotteries

prohibited in Florida).    This includes "all" promises and agreements within a

contract including any clauses that may seek to shield a payment processor such as

FIS.    *See, Titan Cruise Lines v. Elliott (In re Titan Cruise Lines)*, No. 05-00841,

353 B.R. 919, 2006 Bankr. LEXIS 2529, 2006 WL 2848592 (Bankr. M.D. Fla.

2006).    VGW and FIS cannot impose on Knapp or other similarly situated Florida

citizens any "promises" "agreements" or "contracts" that can overturn or avoid

Florida's police power and public policy and bring to life a void gambling contract,

or any of its parts.    *See, FOGADE v. ENB Revocable Trust*, 263 F.3d 1274 (11th

Cir. 2001) *citing Flight Equip. & Eng'g Corp. v. Shelton,* 103 So. 2d 615, 621 (Fla.

1958).    *See also, Davis v. Oasis Legal Fina. Operating Co., LLC*, 936 F.3d 1174,

1182 (11th Cir. 2019).    *See, Landcastle Acquisition Corp. v. Renassant Bank,*. 57

F.4th 1203, 1223-1224, 1238 (11th Cir. 2023) (both the majority and dissent affirming and warning that (a) illegal gambling contracts are void, and (b) void contracts have "no legal effect", "nonexistent" "legal nullity"); *Griffin v. Coca-Cola Refreshments USA, Inc.,* 989 F.3d 923, 924 (11th Cir. 2021);   *Perakis v. Perakis,* No. 6:22-cv-680-DCI, 2023 U.S. Dist. LEXIS 90854 (M.D. Fla., Mar. 30, 2023).

FIS's claim that these VGW websites are not illegal gambling websites is simply wrong and to claim it didn't recognize these as illegal gambling websites defies logic. *See,* (Docs. 67-2, 3, and 4). Just looking at the names of the VGW businesses and websites should have convince FIS that it was acting as the payment processor for illegal gambling websites, especially since FIS is a Florida corporation that should be familiar with Florida law on gambling. (Doc. 67-1, pp. 3, 5, 6, 9, 27, 47).

Since 1951, with the enactment of Fla. Stat. § 849.26 Florida law has firmly established that "All" "promises", "agreements" and "contracts" involving illegal gambling are not only illegal; they are void.   Florida enacted this law as part of its police power for "…the protection of the public welfare, health, safety and morals of the people of the state. …"   *Id.*   Illegal gambling agreements are void in all aspects and in every promise that is part of the illegal gambling transaction under Florida law.   *See, City of Riviera Beach v. Estate of Everard*, 627 So. 2d 1209 (Fla. 4th DCA 1993).   VGW's and FIS's violations of Chapter 849, and specifically Fla.

Stat. § 849.094 created *per se* violations of FDUTPA.   Likewise, VGW's and

FIS's violations of Fla. Stat §§ 849.09, 849.14, 849.15, 849.23 or 849.25 created

*per se* violations of the CRCPA.

**Waiver of Claims by FIS to Invoke Forum Selection Clauses, Choice of Law Provisions and Class Action Waivers**

Because FIS has also asked for dismissal under Rule 12(b)(6) with

prejudice, FIS has waived any claim to invoke a forum selection clause, choice of

law provision, or class action waiver.   *Se. Power Grp. Inc. v. Vision 33, Inc.*, 855

F. App'x 531 (11th Cir. 2021).

## II.    The Voluntary Payment Doctrine or Defense Is An Affirmative Defense And Does Not Bar Knapp From Recovering Damages For His Claims

FIS attempts to also assert the common law affirmative defense of the

voluntary payment doctrine and requests the Court dismiss the Complaint.   First,

the voluntary payment doctrine is not ripe for consideration at this stage of the

proceedings.   This Court has stated:

> …First, "the voluntary payment doctrine is an affirmative defense that normally should not be considered on a motion to dismiss." *Schojan v. Papa John's Int'l Inc.*, 34 F. Supp. 3d 1206, 1211 (M.D. Fla. 2014) (quotation [**5] omitted). Second, the application of the voluntary payment doctrine requires a determination that Plaintiff had knowledge of the facts at the time he made the payment. *See Ruiz*, 777 So. 2d at 1064. Plaintiff's knowledge is an issue of fact that cannot be resolved on a motion to dismiss. …

*Cross v. Point & Pay, LLC*, 247 F. Supp. 3d 1289, 1292-93 (M.D. Fla. 2017); *See,*

*Tallahassee Pediatric Dentistry PLLC v. Airgas USA, LLC,* Case No:

4:19cv202-MW/CAS, 2020 U.S. Dist. LEXIS 265237, at *16 (N.D. Fla. Jan. 9,

2020).

Second, the voluntary payment doctrine is not applicable in this case because

there is no showing that Knapp and all members of the purported class had full

knowledge of the wrongful conduct, the VGW illegal gambling operations.   This

analysis has been summarized as follows:

> …The party asserting the defense must "show that the person who
> made the payment had full knowledge of the relevant facts, including
> allegedly *wrongful conduct*[.]" *Carrero v. LVNV Funding, LLC*, No.
> 11-62439-CIV, 2014 U.S. Dist. LEXIS 163718, 2014 WL 6433214, at
> *6 (S.D. Fla. Oct. 27, 2014) (citation omitted) (emphasis added); *see
> also Ruiz v. Brink's Home Sec., Inc.*, 777 So. 2d 1062, 1064 (Fla. 2d
> DCA 2001) (concluding that the complaint did not show on its face that
> the voluntary payment doctrine applied because it did not allege that
> the plaintiffs voluntarily paid the property tax that the defendant
> charged them knowing that the amounts that they paid exceeded the tax
> actually charged to the defendant).
>
> In the class context, a defendant must demonstrate "full knowledge by
> Plaintiff and members of the Class of material facts making their
> actions knowing and voluntary." *In re Checking Account Overdraft
> Litig.*, 281 F.R.D. 667, 678-79 (S.D. Fla. 2012). "[T]o the extent the
> voluntary payment defense could logically have any application to
> FDUTPA claims, it would at a minimum require affirmative proof that
> the Plaintiff had knowledge of the facts, including the *true
> purpose* and *illegal nature* of the [charge] at the time it was
> paid." *Chrzanowski v. S.D.S. Autos, Inc*, No. 16-2005-CA-005434,
> 2006 WL 6235026 (Fla. 4th DCA Sept. 25, 2006) (citation and internal
> quotation marks omitted) (emphasis added) …

*Cox v. Porsche Fin. Servs.*, 337 F.R.D. 426, 430 (S.D. Fla. 2020)

In the Amended Complaint, Knapp has alleged that VGW falsely misrepresented to Knapp and other similarly situated Florida citizens that VGW was operating legally in Florida and that its casino games were legitimate sweepstakes. (Doc. 58, p. 8, para. 21, p. 11, para. 31, pp. 38-39, para. 68-70, pp. 43-44, para. 81, pp. 68-73 (Count IV and V)).   Therefore, the affirmative defense of voluntary payment is not applicable.   *See, Balarezo Family Chiropractic, LLC v. State Farm Mut. Auto Ins. Co.*, Case No. 23-24534-CIV-WILLIAMS/GOODMAN, 2024 U.S. Dist. LEXIS 20049, at *42 (S.D. Fla. Feb. 2, 2024); *State Farm Mut. Auto. Ins. Co. v. District of Columbia,* Case No. 8:21-cv-2536-SCB-AEP, 2023 U.S. Dist. LEXIS 140555, at *19-20 (M.D. Fla. Aug. 7, 2023); *Fox v. Ritz-Carlton Hotel Co., LLC,* Case No. 17-CV-24284-COOKE, 2022 U.S. Dist. LEXIS 144468, at *41 (S.D. Fla. Aug. 11, 2022); *Gov't Emples. Ins. Co. v. Glassco Inc.*, Case No.: 8:19-cv-1950-KK1VI-JSS, 2021 U.S. Dist. LEXIS 183510, at *53 (M.D. Fla. Sep. 24, 2021).

Third, in any event, the voluntary payment doctrine is not a viable affirmative defense in this case.   The voluntary payment doctrine is an affirmative defense in a breach of contract relationship.   Section 725.04 of the Florida Statutes states,

> …When a suit is instituted by a party to a contract to recover a
> payment made pursuant to the contract and by the terms of the
> contract there was no enforceable obligation to make the payment or
> the making of the payment was excused, the defense of voluntary

11

payment may not be interposed by the person receiving payment to
defeat recovery of the payment. …

*Id.*

*State Farm Mut. Auto. Ins. Co. v. District of Columbia,* 685 F.Supp. 3d 1354 (M.D.
Fla. 2023); *Avatar Props. v. Grundel*, 372 So. 3d 715 (Fla. 6th DCA 2023).   The
legislature has likewise rejected the voluntary payment doctrine as a possible
defense to FDUTPA claims for violations of Fla. Stat. § 894.094.   Because Fla.
Stat. § 849.26 renders void any promises, agreements, or contracts regarding illegal
gambling the voluntary payment doctrine does not apply.   Further, the Florida
legislature has not included the voluntary payment doctrine as a recognizable
defense or exception in Fla. Stat. § 894.26.

    As regards Knapp's claims for violation of the CRCPA, the Florida legislature
has also rejected the voluntary payment defense.   The Florida legislature has not
amended the CRCPA to adopt the voluntary payment doctrine as a defense to
CRCPA claims for violations of gambling statutes and it has not excepted these
types of claims from the application of § 725.04.

    The CRCPA defines the criminal acts for which civil lawsuits are authorized
at Fla. Stat. § 772.102.   Civil claims for gambling losses are authorized through the
CRCPA. Fla. Stat. §§ 772.102(1)(a), 772.103, 772.104.   Knapp has sued VGW and
FIS for violations of Sections 849.14 (lottery – lottery wheels / roulette), 849.15 (slot
machine or device), and 849.25 (bookmaking – acceptance and receiving of wagers)

12

which are listed as actionable violations at Fla. Stat. §§ 772.102(1)(a)(31).   Over 22

times in the last 38 years, Fla. Stat. § 772.102 has been reviewed by the Florida

legislature and it has been reenacted 6 times with no changes to the CRCPA

regarding illegal gambling.   At least twice during this time, the Florida legislature

enacted statutes with the specific purpose of eliminating obsolete or impliedly

repealed statutes.   However, no changes were made to the provisions allowing for

CRCPA claims for illegal gambling.   Fla. Stat. §§ 772.102(a)(27), (encompassing

gambling as criminal practice was reenacted); *s.12, ch. 91.33 (reenacted); s. 66 ch.*

*91, 110* (series of statutes including § 772.102 were amended to eliminate provisions

that were obsolete, served their purpose, or been impliedly repealed or superseded)*;*

*s. 3, ch. 92-281* (reenacted)*; s. 63 ch. 92-348* (amending – also amending § 849.25);

*s. 2, ch. 93-227* (reenacted)*; s. 92, ch. 99-3* (series of statutes including § 772.102

were amended to eliminate provisions that were obsolete, served their purpose, or

been impliedly repealed or superseded)*; s. 2, ch. 99-335* (reenacted)*; s. 12, ch.*

*2005-228* (reenacted)*; s. 4, ch. 2016-185* (reenacted); *s. 2, ch. 2019-45* (reenacted).

## III.    Knapp's Allegations Do Not Violate Federal Rule of Civil Procedure 9(b)

The heightened pleading standards required by Rule 9(b) have been described as

follows:

> ... Under Rule 8(a)(2), a complaint must contain "a short and plain
> statement of the claim showing that the pleader is entitled to
> relief." Fed. R. Civ. P. 8(a)(2). The complaint must allege "enough
> facts to state a claim to relief that is plausible on its face," and the

factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007).

In addition to the Rule 8(a)(2) requirements, Rule 9(b) requires that, for complaints alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth: (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff, and; (4) what the defendant obtained as a consequence of the fraud. Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006); Ziemba, 256 F.3d at 1202. The "[f]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint." [**23] Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam). ..

*In re Galectin Therapeutics, Inc.,* 843 F.3d 1257, 1269 (11th Cir. 2016)

Or as further simplified:

… "A sufficient level of factual support for a [10b] claim [**10] may be found where the circumstances of the fraud are pled in detail. 'This means the who, what, when where, and how: the first paragraph of any newspaper story.'" *Gross v. Medaphis Corp.,* 977 F. Supp. 1463, 1470 (N.D. Ga. 1997)(quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)). …

*Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006)

Count V of the Amended Complaint is a claim of a CRCPA violation based

on misleading advertising in violation of Fla. Stat. § 817.41.   The Amended

Complaint provides a short statement of the "who, what, when, where, and how" to

support the claims made in Count V.   The who is VGW and FIS, and the what is the

misleading false statements and advertising that VGW used to attempt to deceive

Knapp and other similarly situated Florida citizens to believe they were gambling

legally in Florida.   The when, where and how is identified in the Amended

Complaint as the statements contained in VGW's website and terms and conditions

or terms of service. (Doc. 1-2, p. 6, para. 19, p. 9, para. 31, pp. 33-34, para. 68-70,

pp. 36-37, para. 79-81, pp. 56-60 (Count IV and V)).   Therefore, Knapp satisfied

the requirements of Rule 9(b) by sufficiently pleading the necessary facts to support

Count IV (conspiracy) and Count V (violation of CRCPA based on Fla. Stat. §

817.41).

The claims regarding FDUTPA based on a violation of Fla. Stat. § 849.094

(Count II) and the CRCPA gambling violations (Count III) are claims of statutory

*per se* violations, so there is no need for Knapp to plead more specific facts.   *See,*

*Scheibel v. Grillakis,* Case No. 6:23-cv-567-RBD-EJK, 2024 U.S. Dist. LEXIS

129863, 2024 WL 3989776 (M.D. Fla. July 23, 2024); *Le Macaron, LLC v. Le*

*Macaron Dev. LLC,* No: 8:16-cv-918, 2016 U.S. Dist. LEXIS 146874, 2016 WL

6211718 (M.D. Fla. Oct. 24, 2016).

FIS claims, however, that Knapp is required to specifically identify what,

when, where, and how FIS is liable.   The Amended Complaint alleges that FIS has

been the payment processor for all of VGW's illegal gambling operations. (Doc. 58,

para. 2, 16, 46, 59, 63, 89, 115, 116, 128, 129, 140-142, 144, 151-54, 159, 160, 164).

Pursuant to Fla. Stat. § 849.29, this makes FIS jointly and severally liable with all

the acts alleged about VGW.

## IV.   Knapp's Amended Complaint States Viable Claims Under Rule 12(b)(6)

### A.   Legal Standard

This Court has explained the standards to be applied when considering a Rule

12(b)(6) motion and stated,

> …"A pleading that states a claim for relief must contain . . . a short and
> plain statement of the claim showing that the pleader is entitled to
> relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil
> Procedure 12(b)(6), a party may move to dismiss a complaint for
> "failure to state a claim upon which relief can be granted." In
> determining whether to dismiss under Rule12(b)(6), a court accepts the
> factual allegations in the complaint as true and construes them in a light
> most favorable to the non-moving party. *See United Techs. Corp. v.
> Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions," and "[t]hreadbare
> recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,
> 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "[t]o
> survive a motion to dismiss, a complaint [*3]  must contain sufficient
> factual matter, accepted as true, to 'state a claim to relief that is
> plausible on its face.'" *Id.*(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.
> 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has
> facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to
> dismiss, "[t]he scope of the review must be limited to the four corners
> of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337
> (11th Cir. 2002). …

*Banakos v. Healthcompare, Inc.,* Case No. 6:23-cv-566-CEM-EJK, 2023 U.S. Dist. LEXIS 146854 at *2-3 (M.D. Fla. Aug. 21, 2023)

### B.   Chapter 849, Florida Statutes (Count I)

FIS also asks the Court to dismiss Count I of the Amended Complaint.   In 1974 the Florida legislature repealed Sections 849.27 and 849.28 of the Florida Statutes, as part of the consolidation of Florida's various statutes of limitations into Chapter 95 of the Florida Statutes.   In *Crawley v. Clear Channel Outdoor, Inc.,* No. 8:10-cv-01238-T-EAK-MAP, 2011 U.S. Dist. LEXIS 19378 *, 2011 WL 748162 (M.D. Fla. Feb 24, 2011) the court ruled that the repeal of Sections 849.27 and 849.28 eliminated the right of a private cause of action for a losing gambler to seek recovery of illegal gambling losses.   In *Crawley v. Clear Channel, supra,* the judge dismissed the private action suit where the plaintiff had requested relief pursuant to Fla. Stat. §§ 849.29 and 849.34.   The judge acknowledged that "…After thorough research, this Court has been unable to identify case law related to any cause of action pursuant to either §§ 849.29 or 849.34. …", *Id.* at *9.   The judge held that §§ 849.29 or 849.34, standing alone, provided only procedural guidance, not a cause of action, and dismissed the case.   There appears to have been no appeal of the decision in *Crawley v. Clear Channel, supra*, and no appellate or federal district court decisions citing to the court's ruling.   The opinion in *Crawley v. Clear Channel, supra,* is not binding within the Eleventh Circuit. *See, Smith v. Marcus & Millichap, Inc., supra*, ftn. 10.   And the *Crawley v. Clear Channel,*

17

*supra*, decision may have limited or questionable precedential value because the 1974 legislative act the court cited for repealing of §§ 849.27 and 849.28, was an act specifically directed to the subject of amending the statutes of limitations, not eliminating statutory causes of action against gambling organizations, such as those permitted by Chapter 849.    (Doc 18-4 - Doc. 34-2, p. 2-3 of 17, p. 14 of 17, "Section 26", filed 7/19/10, *Crawley v. Clear Channel, supra, Case 8:10-cv-01238-EAK-MAP)*; *State v. Thompson*, 750 So. 2d 643 (Fla. 1999); *Alachua County v. Florida Petroleum Marketers Association*, 553 So. 2d 327 (Fla. 1st DCA 1989) *per curiam affirmed and adopted,* 589 So. 2d 240 (Fla. 1991); *see also, Envtl. Confederation of Southwest Fla., Inc. v. Dep't of Envtl. Prot.,* 886 So. 2d 1013 (Fla. 1st DCA 2004); (Analyzing Article III, Sec. 6 of the Florida Constitution requirement of the single subject rule).

Rather than dismiss Count I, Knapp submits that the state courts of Florida should be afforded the opportunity to definitively determine whether Florida repealed a private cause of action to sue illegal gambling organizations under Chapter 849.    Knapp contends that the Florida legislature did not and never intended to eliminate private causes of action under Chapter 849.    It only eliminated the reduced statutes of limitations when it repealed §§ 849.27 and 849.28, thereby placing claims regarding gambling losses in the 4-year statutes of limitation.

18

### C.   Knapp Sufficiently States A Claim Under FDUTPA (Count II)

This Court previously held that *per se* violations of FDUTPA are properly

pled when the plaintiff alleges a violation of a statute proscribing unfair, deceptive,

or unconscionable acts, and the Court stated:

> …Applying Rule 12(b)(6)'s standard to the *per se* violation FDUTPA
> claims (Counts VII and VIII), Plaintiffs have sufficiently stated a claim
> on these counts. *See Iqbal*, 556 U.S. at 678. Prohibited deceptive and
> unfair practices under FDUTPA include violations of "[a]ny law,
> statute, rule, regulation, or ordinance which proscribes unfair methods
> of competition, or unfair, deceptive, or unconscionable acts or
> practices." *Id.* § 501.203(3)(c). Some federal courts in Florida have
> referred to these FDUTPA claims as "*per se* violations" because they
> are explicitly provided for in the statute. *See, e.g., Williams v. Delray
> Auto Mall, Inc.*, 916 F. Supp. 2d 1294, 1300 (S.D. Fla. 2013); *Taviere
> v. Precision Motor Cars, Inc.*, No. 8:09-cv-467-T-TBM, 2010 U.S.
> Dist. LEXIS 12493, 2010 WL 557347, at *4 (M.D. Fla. Feb. 12, 2010).
> …

*Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1023-24 (M.D. Fla.

2019).

In *Fox v. Ritz-Carlton Hotel, supra,* at *8-9 a *per se* violation was also explained:

> … "A *per se* violation is established in one of two ways: (1) if the 'law,
> statute, rule, regulation, or ordinance' expressly constitutes a violation
> of the FDUTPA or (2) the statute, rule, or ordinance proscribes
> unconscionable, deceptive, or unfair acts or practices and therefore
> operates as an implied FDUTPA predicate." *Id.* (citing Fla. Stat. §
> 501.203(3)(c)). …

*Id.*

Knapp sufficiently pled and described in the Amended Complaint how VGW

and FIS violated Fla. Stat. § 849.094 and therefore violated FDUTPA.   In 2013 the

19

Florida legislature adopted HB 155 and made a violation of Fla. Stat. § 849.094 a *per se* violation of FDUTPA, thereby superseding the prior case law cited by FIS.

### D.   Knapp Sufficiently States CRCPA Claims (Counts III & V)

At Count III of the Amended Complaint, Knapp sufficiently pled and described how VGW and FIS violated Fla. Stat. § 849.14 (lottery – lottery wheels / roulette), § 849.15 (slot machine or device), and § 849.25 (bookmaking – acceptance and receiving of wagers).   FIS's liability arises from its relationship as the payment processor with VGW, as established by Fla. Stat. § 849.29.   These are likewise the basis for *per se* violations of the CRCPA.   The same applies to Count V, where Knapp sued for misleading advertising in violation of the CRCPA and Fla. Stat. § 817.41.

### E.   Knapp Sufficiently States A Claim for Conspiracy (Count IV)

Knapp has sufficiently alleged that FIS was part of the conspiracy with VGW, and as established by Fla. Stat. § 849.29, that FIS participated in the acts to violate the illegal gambling laws that form the *per se* violations of FDUTPA and the CRCPA.   *See, Freestyle Slides v. Super Sweet Air,* Case No. 6:17-cv-169-CEM-GJK, 2018 U.S. Dist. LEXIS 208382 (M.D. Fla. July 9, 2018).

### Conclusion

Based on the above, Knapp requests the Court deny FIS's motion.

Respectfully submitted,

**/s/ Dennis Wells**

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel:    (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Plaintiff
ERIC A. KNAPP

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of October 2024, I served by email and I electronically filed the foregoing with the Clerk of the Court by using the CMECF system which will serve a copy of the foregoing by e-mail to Defendants' counsel: Ian M. Ross at iross@sidley.com, Kyle Tanzer at ktanzer@sidley.com, T. Todd Pittenger at todd.pittenger@gray-robinson.com, Kelly J. H. Garcia at kelly.garcia@gray-robinson.com, Gregory D. Beaman (pro hac vice) at gbeaman@orrick.com, and Behnam Dayanim (pro hac vice), at Bdayanim@orrick.com.

**/s/ Dennis Wells**
Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel:    (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Knapp
ERIC A. KNAPP

21