UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO. 6:24-cv-00413

ERIC A. KNAPP,
On behalf of himself and all
Other Florida citizens similarly situated,

                      Knapp,        **CLASS ACTION**

vs.

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, WORLDPAY, LLC, a Delaware
Limited Liability Company, and
WORLDPAY, INC., a Delaware
Corporation,
                      Defendants.
_____/

**RESPONSE TO MOTION TO DISMISS
FILED BY WORLDPAY, INC.**

Plaintiff, ERIC A. KNAPP (hereafter "Knapp"), individually, and on behalf of the putative class responds to the Motion To Dismiss The Amended Complaint filed by Defendant WORLDPAY, INC. (hereafter "Worldpay, Inc.") (Doc. 66).

**Preliminary Statement / Response**

1. Worldpay, Inc. filed the present Motion To Dismiss and asserted that Worldpay, Inc. no longer exists because it merged into Defendant Worldpay, LLC ("Worldpay, LLC") on June 30, 2020. (Doc. 66, pp. 2-3). In support of the initial

Motion To Dismiss, Worldpay, Inc. cited to a copy of the Delaware Department of Corporations website sheet which states, "Status: Merged … Status Date: 6/30/2020…" (Doc. 38-1) that Worldpay, Inc. filed with the Court on May 1, 2024, as an exhibit to Worldpay Inc.'s prior Motion To Dismiss (Doc. 38).

  2. On, May 15, 2024, Knapp filed a Response To Worldpay Inc.'s Motion To Dismiss the Complaint.   (Doc. 48).

  3. On June 13, 2024, Worldpay Inc.'s counsel then filed an Unopposed Motion for Leave to File Other Document and attached as Exhibit "A" to that motion, a Certificate from the Secretary of State for Delaware, which included a "Certificate of Merger of Worldpay, Inc. with and into Worldpay, LLC" signed and submitted to the Delaware Secretary of State. (Doc. 50, 50-1, pp. 11-13).

  4. On July 8, 2024, Worldpay Inc.'s counsel filed a Reply In Support Of Its Motion To Dismiss The Complaint, and Worldpay, Inc's counsel again asserted that Worldpay, Inc. no longer exists and "…it cannot be served with process or sued… ." (Doc. 54, p. 3).   However, Worldpay, Inc. was represented by counsel who specifically refused to admit that Worldpay, LLC assumed any liability for the prior liabilities or obligations of Worldpay, Inc.

  5. On August 25, 2024, pursuant to the Court's order, Knapp filed the Amended Complaint that Worldpay, Inc. now seeks to dismiss.   In the Amended Complaint, Knapp made the following amendments to the Complaint:

2

    a.    Knapp added as a defendant, Worldpay, LLC but also stated that Worldpay, Inc. may be liable for its actions till June 30, 2020.

    b.    That, prior to June 30, 2020, Worldpay, Inc. provided payment processing services for VGW Holdings Limited and its subsidiaries VGW Malta Limited, VGW Luckyland, Inc. and VGW GP Limited ("VGW"); and

    c.    That, based on information and belief from the representations of counsel for Worldpay, Inc. and FIS, Worldpay, Inc. merged into Worldpay, LLC on June 30, 2020.  (Doc. 58, pp. 2-3, 6)

6.    Worldpay Inc.'s counsel now contends that Worldpay, Inc. has submitted to the Court uncontroverted evidence in the form of 2 documents that should establish that Worldpay, Inc. no longer exists because it merged into Worldpay, LLC. (Doc. 38-1) and (Doc. 50-1 at pp. 11-1).  (Doc. 66, p. 2).

7.    Worldpay, Inc. does not provide a copy of the signed merger documents, the contents of such documents, or other evidence to explain the extent that Worldpay, Inc. has merged with Worldpay, LLC, even though the merger documents should definitively specify the extent of the merger and determine whether Worldpay, Inc. has been extinguished. (Doc. 50-1, pp. 13).

8. Knapp served a copy of the original Complaint in this case (Doc. 1-2) upon Worldpay, Inc.'s designated registered agent and that agent accepted service. (Exhibit "A"). This is evidence that Worldpay, Inc. may still exist as a viable corporate entity because it has a registered agent that accepted service of the summons and complaint.

9. Knapp submits that at this stage of the proceedings the evidence submitted by Worldpay, Inc.'s counsel is insufficient to support a motion to dismiss and certainly does not support dismissal with prejudice.

10. Previously, counsel for Worldpay Inc., who is also counsel for Worldpay, LLC and FIS, mistakenly stated in Worldpay Inc.'s motion that "…Worldpay, Inc. merged with defendant Fidelity National Information Services, Inc ("FIS"). …", which counsel acknowledged. (Doc. 38) (Doc. 50-1, p. 7).

11. Counsel who has appeared for Worldpay, Inc. is the same counsel who has appeared for Worldpay, LLC and FIS in this case. Worldpay, LLC is the proper party to submit a motion to remove Worldpay, Inc. as a party if Worldpay, Inc. was extinguished by a merger. However, Worldpay, LLC has not submitted any filing with the Court where it claims that Worldpay, Inc. no longer exists and Worldpay, LLC has not acknowledged that it is legally responsible for the prior liabilities and obligations of Worldpay, Inc., as required by Florida and Delaware law.

4

12. Therefore, despite counsel's representations, Worldpay, Inc., Worldpay, LLC and FIS should be required to submit more conclusive proof of the alleged merger and proof whether Worldpay, Inc. has been extinguished. This should be submitted by Worldpay, LLC, which is required to assume the legal liabilities of Worldpay, Inc. before the Court considers whether to grant Worldpay, Inc.'s Motion To Dismiss. Counsel for FIS, Worldpay, LLC and Worldpay, Inc. has failed to admit this obligation or explain why Worldpay, LLC does not accept liability for Worldpay, Inc.'s actions prior to June 30, 2020. *See,* (Doc. 50-1, pp. 2-3).

## MEMORANDUM OF LAW

**Standing and Statement of Claim**

Worldpay, Inc. alleges that Knapp does not have standing to sue Worldpay, Inc., because Knapp's gambling losses occurred in 2023 and Worldpay, Inc. merged with Worldpay, LLC in 2020. Worldpay, Inc. cites to *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), where the U.S. Supreme Court states that a viable complaint must include some factual allegations, not solely legal conclusions. Knapp has alleged that he and members of the putative class incurred gambling losses from November 17, 2023, through November 29, 2023, and that Worldpay, Inc. was the payment processor for VGW at least until June 30, 2020. Knapp has properly alleged sufficient facts to support class representative or lead plaintiff standing and the

injuries common to the putative class are within the appropriate statutes of limitations (4 or 5 years).   Knapp has alleged sufficient facts to support standing for the putative class to proceed against Worldpay, Inc.   In order to establish standing, Knapp has properly alleged that he and the class have (1) suffered an injury in fact, (2) fairly traceable to the challenged conduct of the defendant(s), and (3) likely to redressed by a favorable judicial decision.   *Series v. State Farm Mut. Auto. Ins. Co.,* Case No. 1:23-CV-22982- Williams/Reid, 2024 U.S. Dist. LEXIS 143861, 2024 WL 4124245 (S.D. Fla. Aug. 13, 2024), *citing Spokeo, Inc. v. Robins,* 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).   Knapp has sufficiently alleged these elements for himself in 2023, and for members of the putative class from November 2019 through November 2023.   Knapp does not have to allege that he personally suffered losses from the actions of Worldpay, Inc. *Goodman v. Columbus Reg'l Healthcare Sys.* Case No. 4:21-CV-15 (CDL), 2023 U.S. Dist. LEXIS 134692, 2023 WL 4935004 (M.D. Ga., Aug. 2, 2023).   Knapp incurred the same losses as members of the proposed class from the same actions, illegal gambling, conducted by the defendants, including Worldpay, Inc.    Knapp has sufficiently alleged personal standing and class standing. *Moody v. Circle K. Store, Inc.*, Case No. 2:18-cv-435-CLM, 2023 U.S. Dist. LEXIS 12683, 2023 WL 404018 (N.D. Ala. Jan. 25, 2023).

**Standard Regarding Motion To Dismiss**

The standard that the courts apply to evaluate a motion to dismiss are summarized as follows:

> …We review *de novo* the district court's dismissal [*8] of Plaintiff's complaint for failure to state a claim under Federal Rule 12(b)(6), accepting the facts asserted in the complaint as true and applying the same standard as the district court to determine whether those facts are sufficient to survive dismissal. *See Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). The federal rules require that a complaint contain "a short and plain statement of the claim" asserted by the plaintiff. Fed. R. Civ. P. 8(a)(2). In addition to containing well-pleaded factual allegations, a complaint must also meet the "plausibility standard" set forth by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Under that standard, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). That is, the complaint must include facts that permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* …

*Trimble v. Fort Valley State Univ.*, No. 22-13278, 2024 U.S. App. LEXIS 7063 at *7-8 (11th Cir. Mar. 26, 2024)

Knapp submits that the Amended Complaint filed in this case satisfies this standard. Except for Count V (Civil Conspiracy), Knapp has alleged that FIS through Worldpay Inc. and Worldpay, LLC, in concert with the other defendants, VGW, have violated several Florida statutes. Knapp has sufficiently pled that FIS, Worldpay, LLC and Worldpay, Inc. violated the requirements of these statutes, and

FIS is liable for having violated these statutes since FIS, acting through Worldpay, Inc. and Worldpay, LLC, is the payment processor for the VGW defendants.

**Worldpay Inc.'s Claim That It Should Be Dismissed As A Party Is Premature And Insufficiently Supported**

Knapp submits that Worldpay, Inc. has attached as proof of its merger into Worldpay, LLC, the documents filed with the Secretary State of Delaware. (Doc. 50-1). However, neither Worldpay, Inc. or Worldpay, LLC provided any authenticated copy of the actual merger agreement or documents dissolving Worldpay, Inc. Worldpay, Inc. and Worldpay, LLC did not provide an affidavit or declaration from a duly appointed representative from FIS or Worldpay, LLC, stating that Worldpay, Inc. was extinguished by the merger into Worldpay, LLC or FIS. Further, Worldpay, LLC has not acknowledged that it assumed Worldpay, Inc's liabilities, as required by Delaware law. Therefore, at this point the Court should deny Worldpay, Inc.'s motion until there is proof of the merger terms from Worldpay, LLC and its acknowledgement of the statutory obligation to assume Worldpay, Inc.'s liability for Worldpay, Inc's actions prior to June 30, 2020. *See, Sjunde Ap-Fonden v. Activision Blizzard, Inc.*, C.A. No. 2022-1001-KSJM, 2024 Del. Ch. LEXIS 60 (De. Ch. Feb. 29, 2024); 8 Del. Code § 251(c)(7). Worldpay, LLC should admit or provide evidence that Worldpay Inc. has been subsumed into Worldpay, LLC and that Worldpay, LLC assumes the liabilities for Worldpay, Inc.'s actions up to June 30, 2020, when the merger took place. Otherwise, the Court

should accept the allegations of the Amended Complaint as true and correct. *Banakos v. Healthcompare, Inc.*, Case No. 6:23-cv-566-CEM-EJK, 2023 U.S. Dist. LEXIS 146854 (M.D. Fla. Aug. 21, 2023).

If the Court is inclined to accept Worldpay, Inc.'s request to consider matters outside the four corners of the Complaint, then the Court should also consider evidence from Knapp. A review of the internet will show that at the internet website *fisglobal.com,* at times material to this case, VGW and FIS both advertise the services of Worldpay, indicating that an entity known as "Worldpay" still exists and at all times material to the Amended Complaint provided payment processing services for VGW and FIS. (Exhibit "B"). That website also suggests that "…If you'd like to find out how Worldpay could help optimize your payment processes, just visit worldpay.com. …" *Id.* A review of the *worldpay.com* website (Exhibit "C") will show that it stated, "…Welcome to the new Worldpay. …" and "…Worldpay and FIS remain strategic go-to-market partners preserving a key value proposition for clients of both businesses. …" *Id.* The website *worldpay.globalpaymentsreport.com*, even touts Worldpay's "…Global Payments Report (GPR 2024) 2024, 9th Edition…". (Exhibit "D"). Worldpay does not seems to have disappeared. (Exhibits, "C" and "D"). Further, *YouTube* videos still exist and are advertised on the internet where VGW and FIS tout Worldpay's assistance. (Exhibit "E"). There is simply insufficient evidence to support a motion

9

to dismiss Worldpay, Inc. at this point, and certainly Worldpay, Inc. should not be dismissed with prejudice at this time.

**A Merger of Worldpay, Inc., Into Worldpay, LLC Does Not Necessarily Prohibit Knapp From Suing Worldpay, Inc. If Worldpay, Inc. Still Exists**

As noted in *In re Silicone Gel Breast Implants Prods. Liab. Litig.,* 837 F. Supp 1123 (N.D. Ala. 1993), the fact of a merger of Worldpay, Inc. into Worldpay, LLC does not automatically prohibit Knapp, and the putative class from suing Worldpay, Inc. for the actions of Worldpay, Inc. prior to or even after the merger.     There the court stated,

> …It is beyond dispute that one company's transfer of assets to another under circumstances resulting in the transferee's becoming responsible for tort liabilities to third-parties -- as upon an express agreement to assume such liabilities -- does not, as to the third-parties, relieve the transferor of those same responsibilities. As stated in 15 FLETCHER CYC. CORP. § 7123 (Perm. ed.):
>
> Although the sale of assets may allow an injured plaintiff to proceed against the successor corporation it does not vitiate the original company's liability. The right of the injured party to elect to proceed against the defunct corporation, the successor corporation, or both cannot be altered per se by the corporations, although the corporations can regulate how much liability will be allocated among themselves.
>
> *See, e.g., Grant-Howard Associates v. General Housewares Corp.,* 63 N.Y.2d 291, 472 N.E.2d 1, 482 N.Y.S.2d 225 (1984); *Haynes v. Kleinewefers & Lembo Corp.,* 921 F.2d 453 (2nd Cir. 1990). …

*Id.* at 1126

An entity claiming the label of a merger is not controlling, the actual proof of merger should be found in the terms of the merger agreement.  Worldpay, Inc.'s counsel has submitted no such document to the Court.

**The Proper Party To Assert The Non-Existence Of Worldpay, Inc. Is Worldpay, LLC or FIS**

The counsel who asserts that Worldpay, Inc. no longer exists because it merged into Worldpay, LLC, subsequently acquired by FIS is the same counsel who represents Worldpay, LLC and FIS in this case.  If that is true then Worldpay, LLC and FIS should be the parties asserting the non-existence of Worldpay, Inc. Further, it would appear that counsel's representations constitute judicial estoppel where he and Worldpay, LLC and FIS appear to now acknowledge that FIS is a proper party to be sued as the payment processor for the VGW defendants in this case. (Doc. 66, p. 1, ftn. 1; Doc. 65, pp. 4-5); *Slater v. U.S. Steel Corp.,* 871 F.3d 1174, 1180, n. 4 (11th Cir. 2017); *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061 (Fla. 2001); *Sandaler v. Wells Fargo Bank, N.A.,* No.: 6:16-cv-1919- Orl-41GJK, 2017 U.S. Dist. LEXIS 187865 (M.D. Fla. Nov. 14, 2017).  However, neither Worldpay, LLC, FIS nor its counsel have admitted that FIS has assumed Worldpay's obligations and liabilities, including its acts as the payment processor for VGW.

**If The Court Accepts Worldpay Inc.'s Claims and Arguments That It Has Merged Into Worldpay, LLC and FIS – Then Worldpay, LLC and FIS Assume Worldpay, Inc.'s Liability**

If Worldpay, LLC and FIS now acknowledge that Worldpay, LLC and subsequently FIS consumed Worldpay, Inc. in a merger on June 30, 2020, then this motion should not be granted until Worldpay, LLC and FIS admit that they assume legal responsibility for Worldpay Inc.'s obligations and liabilities, including those as the payment processor for VGW prior to June 30, 2020.   This obligation exists under both Florida and Delaware law.

At 8 Del. Code. § 259 it states:

> …[A]ll rights of creditors and all liens upon any property of any said constituent corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. …

*Id.*

At 6 Del. Code § 18-209, the Delaware Limited Liability Act, it also states:

> …[A]ll rights of creditors and all liens upon any property of any of said domestic limited liability companies and other business entities shall be preserved unimpaired, and all debts, liabilities and duties of each of the said domestic limited liability companies and other business entities that have merged or consolidated shall thenceforth attach to the surviving or resulting domestic limited liability company or other business entity, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. …

*Id.*

At Fla. Stat. § 607.1106(1)(d) it states:

> …(d)  All debts, obligations, and other liabilities of each domestic or foreign eligible entity that is a party to the merger, other than the survivor, become debts, obligations, and liabilities of the survivor… .

*Id.*

*See, Corporate Express Office Prods. v. Phillips,* 804 So. 2d 406 (Fla. 2003) (also noting similarities with Delaware law at ftn. 6); *Celotex Corp. v. Pickett,* 490 So. 29 35, 37 (Fla. 1986) (citing Fla. Stat. § 607.231(3), similar to Fla. Stat. § 607.1106(1)(d)); *Florentino v. BAC Home Loans Servicing, LP,* 162 So. 3d 1162, ftn. 1 (Fla. 5th DCA 2015).

The evidence of a registered agent who accepted service of the summons and complaint, and appearance by a counsel for an entity named Worldpay, Inc. sufficiently supports a claim that Worldpay, Inc. still exists. (Exhibit "A").  If Worldpay, Inc. is dissolved or no longer exists, then why does it have a Delaware registered agent nearly 3 years after it's supposed to have disappeared?  Further, the failure of FIS and Worldpay LLC's counsel, the same attorney who represents Worldpay, Inc. to acknowledge that Worldpay, LLC assumes the prior liabilities of Worldpay Inc. as of June 30, 2020, raises the inference that Worldpay, Inc. may actually be a member of Worldpay, LLC.  Therefore, Worldpay, Inc. would still be a live entity capable of being sued for its acts prior to becoming a member of Worldpay, LLC.  For either reason, it is premature to dismiss the Amended Complaint, especially since Worldpay, LLC has not yet submitted its initial disclosures.

**Response To Adoption Of Argument Regarding Transfer of Venue and Forum Non Conveniens**

Worldpay, Inc. has adopted and raises the same arguments submitted in the Motion To Dismiss filed by FIS (Doc. 65, ftn. 1).  Knapp submits that its response to the FIS's Motion To Dismiss should also be accepted by the Court as a further response to Worldpay, Inc.'s motion.  This includes the adoption of the arguments submitted as to VGW (Doc. 69, pp. 2, 6).

**Conclusion**

Based on the above, Knapp requests the Court deny Worldpay Inc.'s motion to include the fact that the motion is premature and submitted by the wrong party.

Respectfully submitted,

**/s/ Dennis Wells**

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel:   (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Plaintiff
ERIC A. KNAPP\

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of October 2024, I served by email and I electronically filed the foregoing with the Clerk of the Court by using the CMECF system which will serve a copy of the foregoing by e-mail to Defendants' counsel: Ian M. Ross at iross@sidley.com, Kyle Tanzer at ktanzer@sidley.com, T. Todd Pittenger at todd.pittenger@gray-robinson.com, Kelly J. H. Garcia at kelly.garcia@gray-robinson.com, Gregory D. Beaman (pro hac vice) at gbeaman@orrick.com, and Behnam Dayanim (pro hac vice), at Bdayanim@orrick.com.

**/s/ Dennis Wells**
Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, Florida 32779
Tel:   (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com
Attorney for Knapp
ERIC A. KNAPP