UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:24-cv-00413-CEM-DCI

ERIC A. KNAPP, On behalf of himself and all
others similarly situated,

      Plaintiff,

v.

VGW HOLDINGS LIMITED, VGW
MALTA LIMITED, VGW LUCKYLAND INC.,
VGW GP LIMITED, FIDELITY NATIONAL
INFORMATION SERVICES, INC., a Florida
Corporation, WORLDPAY, LLC, a Delaware
Limited Liability Company, and
WORLDPAY, INC.,

      Defendants.

_____/

**VGW DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
<u>TO TRANSFER, IN PART, AND OTHERWISE DISMISS THE AMENDED COMPLAINT</u>**

VGW Group submits this reply with the Court's leave [Doc. 70] in support of its motion to transfer, in part, and otherwise dismiss the Amended Complaint [Doc. 61] ("Motion"). Capitalized terms used herein have the same meaning as in the Motion.

## ARGUMENT

Plaintiff does not dispute that he agreed to the Terms, nor does he dispute that his claims are within the scope of the Terms' mandatory forum selection clauses. Plaintiff's attempts to avoid his binding forum selection agreements are without merit.

***First***, Plaintiff argues that the forum selection clauses are "not enforceable" because the Terms allegedly are "illegal gambling contracts." Doc. 67 ("Opp'n") at 2-4. But the Eleventh Circuit held in *Rucker v. Oasis Legal Finance, L.L.C.*, 632 F.3d 1231 (11th Cir. 2011), that "[a] forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained," and plaintiffs cannot avoid forum selection clauses by arguing that the contracts in which they appear are "void as illegal gambling contracts under [state] law." *Id.* at 1238. Plaintiff's reliance on *Diverse Elements, Inc. v. Ecommerce, Inc.*, 5 F. Supp. 3d 1378 (S.D. Fla. 2014), fails because the issue there was "not whether to enforce a valid forum-selection clause," but rather whether the plaintiff had agreed to the terms of service containing the forum selection clause. *Id.* at 1381. The court found the plaintiff had not agreed to the terms of service and therefore was not bound by the terms, including the forum selection clause. *Id.* at 1381-82. Here, by contrast, Plaintiff does not dispute that he agreed to the Terms.[1]

***Second***, Plaintiff argues that he is not bound by the mandatory forum selection, class action waiver, or choice of law clauses because he opted out of them pursuant to

---

[1] Plaintiff's reliance on *Davis v. Oasis Legal Fin. Operating Co.*, 936 F.3d 1174 (11th Cir. 2019), fails for the reasons stated in VGW Group's Motion. *See* Motion at 13. None of Plaintiff's other cases (Opp'n at 3-4) even dealt with a forum selection clause.

Section 23.3 of the Terms. *See* Opp'n at 4-6. Alternatively, Plaintiff argues that the arbitration opt-out provision is ambiguous as to whether a user can also opt out of the mandatory forum selection, class action waiver, and choice of law clauses. *Id.* at 5. VGW demonstrated in its Motion that the opt-out provision is, by its plain terms, limited to opting out of ***arbitration***, not any other provisions. *See* Motion at 15-16. Indeed, the opt-out provision is titled "**Opt-out of Agreement to Arbitrate**," and it states that "[b]y opting out of the ***agreement to arbitrate*** . . ., you and VGW Group will not be permitted to invoke the mutual ***agreement to arbitrate*** to resolve Disputes[.]" Thunder Decl., Exs. A-C § 23.3 (emphases added). By definition, the forum selection clauses—which appear in an entirely separate, standalone section of the Terms (§ 24.17)—only apply where a user has opted out of arbitration or the dispute is otherwise not arbitrable, in which case the dispute ***must be litigated exclusively in Delaware or Malta*** depending on which platform is at issue. *Id.* Similarly, a user cannot opt out of the Delaware choice of law clauses, which appear in a separate, standalone section (§ 24.14) and state that "these Terms [], your use of the Platform and our entire relationship will be governed and interpreted in accordance with the laws of the State of Delaware in the United States, without regard for its choice of conflict of law principles." *Id.* § 24.14. Nothing in the arbitration opt-out provision (§ 23.3) or any other provision of the Terms states or implies that a user, by opting out of arbitration under Section 23.3, can also opt out of the mandatory forum selection clauses or the Delaware choice of law clauses, which govern the parties "entire relationship." Finally, Plaintiff cannot opt out of the class action waiver, which, by its terms, applies in "ARBITRATION ***OR LITIGATION***." *Id.* §

23.7 (emphasis added). Plaintiff's opt-out of arbitration does not excuse him from his binding forum selection agreements, class action waivers, or choice of law agreements.

*Third*, Plaintiff argues that the forum selection clauses should not be enforced because the Terms allegedly misrepresent that VGW's games are not gambling. *See* Opp'n at 9-10. Even if that were true (it is not), a forum selection clause is severable from the rest of the contract and cannot be invalidated based on an allegation that the underlying contract was fraudulently induced. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1297 (11th Cir. 1998). Rather, courts "will invalidate a [forum-selection] clause only if 'the ***inclusion of that clause in the contract*** was the product of fraud or coercion.'" *Id.* (emphasis in original) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)); *see also Rucker*, 632 F.3d at 1236 (same); *Elec. Sys. Servs., Inc. v. ECI Software Solutions, Inc.*, No. 2:19-cv-404-FtM-38NPM, 2019 WL 12278837, at *3 (M.D. Fla. July 23, 2019) ("Negotiations, representations, and even explicit fraudulent inducement to enter into an underlying contract are not sufficient to satisfy this *Lipcon* factor."); *Carrigg v. Gen. R.V. Ctr., Inc.*, No. 3:18-cv-654-J-34PDB, 2018 WL 5904447, at *7 (M.D. Fla. Nov. 9, 2018) ("Allegations that the underlying contract was fraudulently induced do not render the forum selection clause unenforceable . . . . Instead, for a party to escape a forum selection clause on the grounds of fraud, he or she must show that the inclusion of the clause in the contract was the product of fraud or coercion."). Plaintiff does not allege, much less adduce evidence, that the inclusion of the forum selection clauses in the Terms was the product of fraud or coercion.

*Fourth*, Plaintiff contends that this Court, in analyzing VGW Group's Motion, must apply the nine-factor test applicable to motions to transfer under 28 U.S.C. §

1404(a). *See* Opp'n at 16. That is not correct. The United States Supreme Court squarely addressed this issue in *Atlantic Marine*, a decision that Plaintiff ignores. *See* Motion at 6-7 (discussing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49 (2013)). The Supreme Court held in *Atlantic Marine* that where, as here, a motion to transfer or dismiss is based on a valid forum selection clause, courts must employ a modified § 1404(a) analysis in which (1) "the plaintiff's choice of forum merits no weight"; (2) "private interest" factors under § 1404(a) are not considered, and instead are deemed "to weigh entirely in favor of the preselected forum"; and (3) only "public-interest factors" are considered, which, as a "practical result," means "forum-selection clauses should control except in unusual cases." 571 U.S. at 63-64. As VGW Group demonstrated in its Motion, Plaintiff has not met his heavy burden of showing that the public-interest factors "***overwhelmingly*** disfavor" holding him to his binding forum selection agreements. *Id.* at 67 (emphasis added); *see also* Motion at 16-18.

*Fifth*, Plaintiff argues that the exclusive Delaware choice of law clause in VGW Malta's and VGW GP's Terms is misleading because it says disputes shall be governed by "the laws of the State of Delaware ***in the United States***." Opp'n at 14 (emphasis in original). Plaintiff claims that a court in Malta—which is the exclusive forum for litigation by and against VGW Malta and VGW GP—is not "in the United States" and is therefore free to disregard Delaware law. *Id.* at 14-15. Plaintiff is incorrect. The reference to "in the United States" is not a geographical carveout from the choice of law clause; rather, it was simply included to make clear to users that "Delaware" means the "State of Delaware" located "in the United States," as VGW Malta and VGW GP are based in Malta and their games are available to players not just in the United States, but also

Canada. It is common for a choice of law clause designating a particular state's law to include the phrase "in the United States." *See*, *e.g.*, *Counter Active, Inc. v. Tacom, L.P.*, No. 8:07-cv-00338-T-17MSS, 2007 WL 9723866, at *2 (M.D. Fla. June 25, 2007) (agreement shall be governed by "the laws of the State of Minnesota in the United States"); *Andrtiz v. Ovalstrapping Inc.*, No. 11 C 6966, 2012 WL 13389441, at *1 (N.D. Ill. May 9, 2012) (agreement "shall be governed and interpreted in accordance with the laws of the State of Washington in the United States of America"). VGW Group confirms that if the claims against VGW Malta and VGW GP are dismissed and Plaintiff files suit against them in Malta, Delaware law will apply to his claims pursuant to the choice of law clauses.

**Sixth**, Plaintiff argues that the mandatory forum selection clauses are unenforceable because his remedies are allegedly more limited under Delaware law than Florida law. *See* Opp'n at 11-12. Even if that were true, courts will not invalidate forum selection clauses "simply because the remedies available in the contractually chosen forum are less favorable than those available in the" court in which the plaintiff sued. *Lipcon*, 148 F.3d at 1297. While Plaintiff claims that his potential recovery would be more restricted in Delaware than in Florida (Opp'n at 11-12), "the potential for decreased recovery is not the same as no remedy," *Lebedinsky v. MSC Cruises, S.A.*, 789 F. App'x 196, 202-03 (11th Cir. 2019) (enforcing forum selection clause requiring suit to be brought in Italy, and rejecting plaintiff's argument that she would be "deprived of a remedy" because Italian court might apply international law capping her recovery at $64,000 out of the $750,000 she sought). As VGW explained in its Motion and as Plaintiff does not dispute, Plaintiff "would not be entirely precluded from bringing" his

claims, in some form or another, in a Delaware or Malta court under Delaware law. *Woods v. Christensen Shipyards, Ltd.*, No. 04-61432-CIV, 2005 WL 5654643, at *10 (S.D. Fla. Sept. 23, 2005); *see also Rep. of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 952 (11th Cir.1997) ("[A] plaintiff's inability to assert a RICO claim in the foreign forum does not preclude *forum non conveniens* dismissal"); *Lisa S.A. v. Gutierrez Mayor*ga, 441 F. Supp. 2d 1233, 1237-38 (S.D. Fla. 2006) (concluding that Guatemala was an adequate forum even though the plaintiff could not assert its RICO claim because "the Plaintiff has presented no evidence that its remedy would be 'altogether lost' in the instant action, and the possibility of Plaintiff being deprived of ***some*** relief is not sufficient to find that the Guatemalan forum is inadequate") (emphasis in original); *Gordon v. Sandals Resorts Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1138-39 (S.D. Fla. 2019) (rejecting plaintiff's argument that litigating in Turks and Caicos, as required by the forum selection clause, would deprive her of a "remedy comparable to FDUTPA" because "'being deprived of some relief is not sufficient to find that the [foreign] forum is inadequate,'" and she did not show she "would be 'deprived of any remedy' or 'treated unfairly' in the Turks and Caicos"). Moreover, Plaintiff is free to argue (wrong though he may be) to the Delaware and Malta courts that Florida law should apply to his claims.

**Finally**, Plaintiff did not substantively respond to VGW's alternative request for 12(b)(6) dismissal of his claim under Chapter 849 of the Florida Statutes for lack of a private right of action. Instead, Plaintiff says he "addressed this argument in [his] Motion to Remand," which he purports to "incorporate[]" by reference. Opp'n at 20. Plaintiff's purported incorporation by reference of "arguments" from his motion to remand violates Local Rule 3.01(f), which states that "[a] motion, other legal memorandum, or brief may

not incorporate by reference all or part of any other motion, legal memorandum, or brief." In any event, Plaintiff merely stated in his remand motion that a Florida state court should decide whether Chapter 849 provides a private right of action (Doc. 18 at 16-19); he did not cite any authority contradicting this District's conclusion in *Crawley v. Clear Channel Outdoor, Inc.*, No. 8:10-cv-01238-T-EAK-MAP, 2011 WL 748162, at *2-3 (M.D. Fla. Feb. 24, 2011), that there is no private right of action under Chapter 849.

## <u>CONCLUSION</u>

For the reasons set forth in the Motion and above, the Court should (1) transfer the claims against VGW Luckyland—and the related identical claims against VGW Holdings—to the District of Delaware pursuant to 28 U.S.C. § 1404(a), and (2) dismiss the claims against VGW Malta and VGW GP—and the related identical claims against VGW Holdings—pursuant to the doctrine of *forum non conveniens*; or, in the alternative, (3) dismiss the putative class claims and Count I pursuant to Rule 12(b)(6).

Dated: October 14, 2024

Respectfully submitted,

OF COUNSEL:

Gregory D. Beaman (*pro hac vice*)
gbeaman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel.: (212) 506-5000

Behnam Dayanim (*pro hac vice*)
bdayanim@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 339-8613

*/s/ T. Todd Pittenger*
T. Todd Pittenger – Lead Counsel
Florida Bar No. 768936
todd.pittenger@gray-robinson.com
Kelly J. H. Garcia
Florida Bar No. 0694851
kelly.garcia@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, FL 32801
Tel.:  (407) 843-8880
Fax: (407) 244-5690

*Attorneys for Defendants VGW Holdings Ltd., VGW Luckyland, Inc., VGW Malta Ltd., and VGW GP Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of October 2024, the foregoing document was served on counsel of record for Plaintiff Eric A. Knapp, listed below, via the Court's CM/ECF system, and by email and certified mail:

Dennis Wells
Webb & Wells, P.A.
P.O. Box 915432
Longwood, FL 32779
Tel: (407) 865-5600
Florida Bar No.: 368504
Email: denniswells2@icloud.com

*Counsel for Plaintiff Eric A. Knapp*

/s/ T. Todd Pittenger
T. Todd Pittenger